## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED STATES OF AMERICA,  )
　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　)
　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　)　　　No. 03 CR 11
　　　　　　　　　　　　　　　)　　　Judge James T. Moody
MATTHEW HALE,　　　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　　)

### NOTICE OF FILING

**FILED**

MAY 2 3 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TO:　**By Hand Delivery**
　　　M. David Weisman
　　　Victoria Peters
　　　Assistant United States Attorneys
　　　219 South Dearborn Street, 5th Floor
　　　Chicago, Illinois 60604

**PLEASE TAKE NOTICE** that on the 23rd day of May, 2003, the undesigned filed or

caused to be filed with the Clerk of the District Court for the Northern District of Illinois, at

Chicago, Illinois, the foregoing pleadings, copies of which are hereby served upon you:

1.　Motion for a Bill of Particulars;
2.　Motion for Early Return of Trial Subpoenas;
3.　Motion to Strike Surplusage;
4.　Motion for a Change of Venue Based on Pretrial Publicity;
5.　Motion to Dismiss Count One of the Indictment or for a Change of Venue to the Central District of Illinois;
6.　Memorandum of Law in Support of Defendant's Motion to Dismiss Count One of the Indictment or for a Change of Venue to the Central District of Illinois; and,
7.　Motion for an Extension of Time Within Which to File Pretrial Motions.

　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　**PATRICK W. BLEGEN,** One of the
　　　　　　　　　　　　　　attorneys for Defendant.

**DURKIN & ROBERTS**
53 West Jackson Boulevard, Suite 615
Chicago, Illinois 60604
(312) 922-8980

## CERTIFICATE OF SERVICE

**PATRICK W. BLEGEN**, attorney at law, hereby certifies that on May 23, 2003, he

served, or caused to be served, the foregoing motions on the following attorneys of record by

hand delivery:

M. David Weisman
Victoria Peters
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604

**PATRICK W. BLEGEN**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FILED

MAY 2 3 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAY 2 3 2003

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 03 CR 11 |
| | ) Judge James T. Moody |
| MATTHEW HALE, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

Defendant, **MATTHEW HALE**, by his attorneys, **THOMAS ANTHONY DURKIN** and **PATRICK W. BLEGEN**, respectfully moves this Court, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, and the Due Process, Double Jeopardy and Effective Assistance of Counsel provisions of the Fifth and Sixth Amendments to the Constitution of the United States, for an order directing the government to provide a Bill of Particulars so as to permit Defendant to be adequately apprised of the scope of the government's allegations, so as to permit Defendant to adequately prepare for trial, and to avoid being twice placed in jeopardy for the same offense.

Defendant requests that the Court enter its order requiring the government to identify the specific telephone calls, e-mails, letters, in-person communications, or other means by which Defendant did, "solicit, command, induce, and otherwise endeavor to persuade" another person to commit the forcible assault and murder of Judge Lefkow as alleged in Count One, and the specific telephone calls, e-mails, letters, in-person communications, or other means by which Defendant is alleged to have "endeavored to influence, intimidate, and impede United States District Court Judge Joan Humphrey Lefkow... in the discharge of her duty," as charged in Count

Two.

In support of this request, Defendant, through counsel, shows to the Court the following:

1.     By this motion, Defendant is not seeking the government's theory of the case or evidentiary detail to which he is not entitled.  Rather, Defendant is requesting a narrowly-tailored bill of particulars which is necessary to the presentation of his defense and will limit surprise; but, more importantly, will permit him to plead this case as a bar to double jeopardy.

2.     The government has provided counsel with literally thousands of communications by Defendant in the form of e-mails, recorded telephone calls, recorded in-person conversations, and letters.   While a significant portion of the communications are directed toward the government's confidential informant, many others are directed to individuals in Defendant's church, individuals who share his beliefs, and other members of the general public.[1]

3.     Moreover, it appears that the only limitation on which of the thousands of statements the government may assert as evidence of Count One or Two is the allegation that both offenses took place "from on or about November 29, 2002 through at least on or about December 17, 2002." *See*, Indictment, Count One, Par. 2, Count Two, Par. 2.  This time period provides Defendant little double jeopardy protection, however, as literally hundreds of communications, mostly by-e-mail, fall within this time period.

4.     As such, Defendant submits that in order for him to plead this case as a bar to double jeopardy, and to adequately prepare for trial and avoid surprise, the government must be required to identify the particular statements by defendant that solicited the forcible assault and murder of Judge Lefkow (Count One), and the particular statements by which Defendant

---

[1]Defendant often published articles in an internet newsletter, for example.

2

endeavored to impede Judge Lefkow in her official duties (Count Two). The failure of the government to provide such particulars will significantly impair Defendant's ability to prepare for trial and will permit Defendant to be repeatedly prosecuted for the same offense.[2]

5.      Ordering a bill of particulars serves three interests for a defendant: (1) to enable the defense to prepare adequately; (2) to minimize or avoid undue surprise at trial; and, (3) to permit the defendant to successfully plead double jeopardy as a bar to later prosecution for the same offense. *Wong Tai v. United States*, 273 U.S. 77, 80 (1927); *United States v. Kendall*, 665 F.2d 126, 134-35 (7th Cir. 1981), *cert. denied*, 455 U.S. 1021 (1982).

6.      The trial court has broad discretion to grant a bill of particulars. *Kendall, supra.* When exercising its discretion, a court should consider the complexity of the charged offense, the degree of discovery available to the defense, and the clarity of the indictment. *United States v. Horak*, 633 F.Supp. 190, 195 (N.D.Ill. 1986), *aff'd in part and vacated in part*, 833 F.2d 1235 (7th Cir. 1987). Rule 7(f) of the Federal Rules of Criminal Procedure has been interpreted broadly to require that fair notice of the charges be given to the defendant. *See, e.g., United States v. Tucker*, 262 F.Supp. 305, 307 (S.D.N.Y. 1966). It appears, therefore, that any doubt about whether a bill of particulars should be granted "must be resolved in favor of disclosure and the conflicting concerns [of the government and the defendant] must yield to paramount public interest in affording the accused a reasonable foundation for mounting a defense." *United States v. Manetti*, 323 F.Supp. 683, 696 (D.Del. 1971); *United States v. Thevis*, 474 F.Supp. 117, 124 (N.D.Ga. 1979), *aff'd*, 665 F.2d 616 (5th Cir.), *cert. denied*, 459 U.S. 825 (1982).

---

[2]For example, the government may one day contend that statements other than those to the confidential informant amounted to solicitation of violence against Judge Lefkow. A bill of particulars would prevent such a prosecution.

3

7.      It is no answer to a motion for a bill of particulars that the particulars sought are evidentiary in nature, call for legal theory, or involve the naming of potential trial witnesses. *See, e.g., Thevis,* at 123. Likewise, it is of no consequence that the defendant should know the facts demanded, for such a suggestion would fly in the face of the presumption of innocence.

8.      It is further no answer to a bill of particulars that the defendant has been, or will be, provided with substantial discovery. The government bears the responsibility of filing a bill of particulars when an indictment fails to adequately notify the defendant of the allegations at issue. *United States v. Roth,* 669 F.Supp. 1386, 1389 (N.D.Ill. 1987), *aff'd,* 860 F.2d 1382 (7th Cir. 1988); *United States v. Davidoff,* 845 F.2d 1151 (2nd Cir. 1988); *United States v. Bortnovsky,* 820 F.2d 572, 575 (2nd Cir. 1987).

WHEREFORE, Defendant respectfully requests that this Court enter its order requiring the government to provide the particulars requested herein.

Respectfully submitted,

**THOMAS ANTHONY DURKIN**

**PATRICK W. BLEGEN,** Attorneys for
Defendant.

**DURKIN & ROBERTS**
53 West Jackson Boulevard, Suite 615
Chicago, Illinois 60604
(312) 922-8980

4