### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff, | ) | MAY 2 3 2003 |
| | ) | MICHAEL W. DOBBINS |
| v. | ) | No. 03 CR 11 |
| | ) | Judge James T. Moody |
| MATTHEW HALE, | ) | |
| Defendant. | ) | |

**FILED**

MAY 2 3 2003

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

### DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT
### OR FOR A CHANGE OF VENUE TO THE CENTRAL DISTRICT OF ILLINOIS

Defendant, **MATTHEW HALE**, by his attorneys, **THOMAS ANTHONY DURKIN** and **PATRICK W. BLEGEN**, pursuant to Rule 18 of the Federal Rules of Criminal Procedure, as well as Article III, Section 2 of the Constitution of the United States and the Sixth Amendment to the Constitution of the United States, respectfully requests that this Court dismiss Count One of the Indictment for lack of venue; or, in the alternative, to fix the place of the prosecution for the above captioned case in the United States District Court for the Central District of Illinois.

In support of this motion, Defendant, through counsel, shows to the Court the following:

1.      Count One of the Indictment charges that "with the intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, and threatened use of physical force against the person of another — namely, the forcible assault upon, and the murder of, United States District Judge Joan Humphrey Lefkow, in violation of Title 18, United States Code, Sections 111(a)(1) and 1114 – - and under circumstances strongly corroborative of that intent, did solicit, command, induce, and otherwise endeavor to persuade that other person to engage in such conduct."

39

2.      The Constitution of the United States, Article III, Section 2, Paragraph 3,

provides:

> The Trial of all Crimes, except in Cases of impeachment, shall be by Jury;
> and such Trial shall be held in the State where the said Crimes shall have been
> committed; but when not committed within any State, the Trial shall be at such
> Place or Places as the Congress may by Law have directed.

3.      The Sixth Amendment further provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy
> and public trial, by an impartial jury of the State and district wherein the crime
> shall have been committed, which district shall have been previously ascertained
> by law.

4.      Both of these constitutional provisions are reflected in Rule 18 of the Federal

Rules of Criminal Procedure which states:

> Unless a statute or these rules provide otherwise, the government must prosecute an
> offense in a district where the offense was committed. The court must set the place of trial
> within the district with due regard for the convenience of the defendant and the witnesses, and
> the prompt administration of justice.

5.      Defendant submits that the offense alleged in Count One, solicitation to commit a

crime of violence was committed, if anywhere, in East Peoria, in the Central District of Illinois.

In further support of these allegations, Defendant directs the Court's attention to the

accompanying memorandum in support of Defendant's motion to dismiss Count One of the

indictment or for a change of venue, filed contemporaneously herewith.

2

Respectfully submitted,

**THOMAS ANTHONY DURKIN,**

**PATRICK W. BLEGEN,** Attorneys for
Defendant.

**DURKIN & ROBERTS**
53 West Jackson Boulevard, Suite 615
Chicago, Illinois 60604
(312) 922-8980