UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*Moody*
*Rodovich*

UNITED STATES OF AMERICA )    No. 03 CR 011
                         )

v.    **DOCKETED** )    Violations: Title 18, United States
                        )    Code, Sections 373 and 1503

MATTHEW HALE    JUN 2 5 2003 )

SUPERSEDING INDICTMENT

**FILED**

COUNT ONE

JUN 2 6 2003

The SPECIAL APRIL 2002 GRAND JURY charges:

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

1.    At times material to this indictment:

    a.    The World Church of the Creator ("WCOTC") was an unincorporated association that held itself out as a religious organization "[d]edicated to the Survival, Expansion, and Advancement of the White Race." The headquarters of the WCOTC was in East Peoria, Illinois, and the WCOTC had branches and members, known within the WCOTC as "creators," in multiple states and in foreign countries. The WCOTC disseminated information about its principles and teachings through various means, including written documents bearing the WCOTC's name, and through an Internet site bearing the WCOTC's name.

    b.    The TE-TA-MA Truth Foundation – Family of URI, Inc. ("TE-TA-MA") was a religious organization located in Oregon that had registered the term "Church of the Creator" as a trademark with the United States Patent and Trademark Office. In May 2000, TE-TA-MA filed a lawsuit against the WCOTC in the United States District Court for the Northern District of Illinois, captioned *TE-TA-MA Truth Foundation – Family of URI,*

*Inc. v. The World Church of the Creator*, No. 00 C 2638, alleging that the WCOTC had violated federal trademark law by its use of the term "Church of the Creator."

    c.    Defendant MATTHEW HALE was the "Pontifex Maximus," or supreme leader, of the WCOTC. As Pontifex Maximus, defendant HALE directed the activities and operations of the WCOTC, acted as a public spokesman for the WCOTC, designated and influenced the designation of leaders within the WCOTC, handled financial affairs of the WCOTC, and received reports from WCOTC leaders and members regarding their activities.

    d.    On November 19, 2002, United States District Judge Joan Humphrey Lefkow, before whom the lawsuit filed by TE-TA-MA was then pending, issued an order that, among other things:

    i.    permanently enjoined the WCOTC "and its members, officers, directors, predecessors, successors, assigns, agents, employees, representatives, attorneys, and all other persons acting for, with, by, or under authority from it, or in concert or participating with it," from using the name and mark "Church of the Creator or any colorable facsimile thereof, including specifically World Church of the Creator, WCOTC, COTC, or the words 'Church' and 'Creator(s)' together in the same name or mark;"

    ii.    required the WCOTC "and its members, officers, directors, predecessors, successors, assigns, agents, employees, representatives, attorneys, and all other persons acting for, with, by, or under authority from it, or in concert or participating with it," to cease using Internet domain names using the infringing marks, and to "immediately transfer custody and control of the domain names" used to operate the WCOTC's Internet site, "churchofthecreator.com," and "wcotc.com" to TE-TA-MA;

  iii. required the WCOTC "and its members, officers, directors, predecessors, successors, assigns, agents, employees, representatives, attorneys, and all other persons acting for, with, by, or under authority from it, or in concert or participating with it," to "deliver up for destruction (or, where feasible, removal or obliteration of any infringing mark from) all" printed and other materials bearing the infringing marks;

  iv. required the WCOTC to "within seven (7) days notify in writing, and by electronic mail (e-mail), all of its members of this Order, and ... deliver a copy of this Order to them;" and

  v. required the WCOTC to file a written report, under oath, with the Court, within 30 days "setting forth in detail the manner and form in which the World Church has complied with the terms of this court."

 e. Also on November 19, 2002, Judge Lefkow denied the WCOTC's request to stay enforcement of the court's order pending appeal.

 f. On December 13, 2002, Judge Lefkow issued an order granting TE-TA-MA's motion for a rule to show cause why the WCOTC should not be held in contempt of the court's order of November 19, 2002, and ordered that "MATTHEW HALE shall appear before this Court on 01/08/03 at 1:30 p.m. to show cause why he should not be held in contempt of this Court."

 2. On or about December 12, 2002, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MATTHEW HALE,

defendant herein, did corruptly influence, obstruct and impede, and endeavor to influence, obstruct and impede, the due administration of justice, namely, by transmitting via U.S. mail, in connection with a pending civil case before the Honorable Judge Lefkow, a letter to Judge

-3-

Lefkow falsely stating that "from my understanding of the Court's order, I have no material in my control or possession that falls afoul of it," when in fact, at the time of writing this letter, defendant HALE had in his possession and control at least 97 publications with the trademarked term "Church of the Creator" at various locations in Illinois.

In violation of Title 18, United States Code, Section 1503.

-4-

## COUNT TWO

The SPECIAL APRIL 2002 GRAND JURY further charges:

1.     At times material to this indictment:

a.     The allegations contained in Paragraphs 1(a) through 1(f) of Count One of this indictment are realleged and incorporated as if fully set forth herein.

b.     An individual cooperating with the Federal Bureau of Investigation (hereinafter "the cooperating individual") was a member of the WCOTC. In approximately May 2000, the cooperating individual was appointed by defendant MATTHEW HALE as the head of White Berets, a group of WCOTC members that served as a security force for defendant MATTHEW HALE. In that position (and as a member of the WCOTC), the cooperating individual received orders and directions from defendant HALE on matters concerning the WCOTC and defendant's personal security.

c.     In directing and carrying out the affairs of the WCOTC, defendant MATTHEW HALE at times used coded language in communications with WCOTC members, as well as the legal training that defendant MATTHEW HALE had received, to attempt to conceal his role in activities that he initiated or controlled.

2.      From on or about November 29, 2002 through at least on or about December 17, 2002, in the Northern District of Illinois, Eastern Division, and elsewhere,

MATTHEW HALE,

defendant herein, with the intent that another person, namely the cooperating individual, engage in conduct constituting a felony that has as an element the use, attempted use, and threatened use of physical force against the person of another – namely, the forcible assault upon, and the murder of, United States District Judge Joan Humphrey Lefkow, in violation of Title 18, United States Code, Sections 111(a)(1) and 1114 – and under circumstances strongly corroborative of that intent, did solicit, induce, and otherwise endeavor to persuade the cooperating individual to engage in such conduct.

3.      It was part of the solicitation, inducement, and endeavor to persuade that on or about November 29, 2002, defendant MATTHEW HALE sent an e-mail to the cooperating individual and to others regarding Judge Lefkow's order, in which he stated, in part:

> According to the website of the Anti-Defamation Leagues, Judge Joan H. Lefkow on November 19th ordered that our World Church of the Creator do the following things in the trademark case against it: 1) stop using our name; 2) give up our web addresses, and 3) "deliver up for destruction" all material – including our Holy Books – that bear our name. We still have not heard anything, however, from our attorney in the case and nor have we received any documentation at all that such an order has been issued. Until we receive such word or documentation, our position is that we have not received legal notice of such a sick, dranconian order that in effect places our Church in a state of war with this federal judge and any acting on authority from her kangaroo court.
>
>       . . .
>
> Instead, those who adhere to the Holy Books of our Creativity religion have the words of its Founder most truly imprinted upon their hearts and minds: "Should the Jewish

-6-

-7-

Occupational government use force to violate our Constitutional rights to freely practice our religion; to peacefully assemble; to peacefully organize; to distribute our White Man's Bible; to use the mails and any other prerogative in promoting and expanding our legal religious organizations and the full practice of our religion, then we have every right to declare them as open criminals violating the Constitution and the highest law of the land. They then obviously are the criminals and we can then treat them like the criminal dogs they are and take the law into our own hands. This is the obvious, logical thing to do. We must then meet force with force and open warfare exists. . . ."

The e-mail closed with the word "RAHOWA!", which is a term used by defendant HALE

and other members of the WCOTC to mean "Racial Holy War."

4.      It was further part of the solicitation, inducement, and endeavor to persuade

that on or about December 4, 2002, defendant MATTHEW HALE sent an e-mail to the

cooperating individual directing the cooperating individual as follows:

I need you to find out the home addresses of the following individuals:

Judge Joan H. Lefkow, PROBABLE JEW OR MARRIED TO JEW
United States Courthouse
219 South Dearborn, Room 1956
Chicago, IL 60604

[Individual #1], attorney, JEW
[Individual #2], attorney, JEW
[Individual #3], attorney, TRAITOR OR WHITE
[Entity #1]
[Address]

Any action of any kind against those seeking to destroy our religious liberties is entirely up to each and every Creator according to the dictates of his own conscience. RAHOWA!

5.      It was further part of the solicitation, inducement, and endeavor to persuade

that on or about December 5, 2002, defendant MATTHEW HALE had a conversation with

the cooperating individual in which the following exchange took place:

-7-

CI:   Well, I got your e-mail about the Jew judge . . .

HALE:  Right.

CI:   . . . you wanting his address and the other rats. Ah . . .

HALE:  That information . . . yes . . . for educational purposes and for whatever reason you wish it to be.

CI:   Are we gonna ah . . . I'm working on it. I, I got a way of getting it. Ah, when we get it are we going to exterminate the rat?

HALE:  Well whatever you wanna do basically.

CI:   The Jew rat.

HALE:  . . . you know, ah . . . my position has always been that I you know, I'm gonna fight within the law and, but ah that informations been provided if you wish to, ah, do anything yourself, you can. So that makes it clear.

CI:   Consider it done.

HALE:  Good.

6.  It was further part of the solicitation, inducement, and endeavor to persuade that on or about December 17, 2002 defendant MATTHEW HALE met with the cooperating individual. During their lengthy conversation, defendant HALE expressed concern about their being overheard. After the cooperating individual told defendant HALE that plans for "exterminating the rat" were in motion, defendant HALE instructed the cooperating individual that in order to shield defendant HALE from legal accountability for any attack, the cooperating individual was not to disclose any details to defendant HALE, so that HALE could later deny such knowledge. Defendant HALE reiterated that "whatever a person wants

to do, that's their own decision," and later told the cooperating individual that if there was a "serious altercation, I'm not gonna say that I won't be happy about it. . . ."

7. The above-described solicitation, inducement, and endeavor to persuade occurred under the following circumstances, among others, strongly corroborative of defendant MATTHEW HALE's intent that the confidential informant engage in the forcible assault upon, and murder of, United States District Judge Joan Humphrey Lefkow:

a. Prior to the solicitation, inducement, and endeavor to persuade, defendant MATTHEW HALE knew that in or about early July 1999, Benjamin Smith, a WCOTC member, had committed acts of violence in furtherance of the goals of the WCOTC, namely the murder and shooting of numerous individuals who were members of what defendant HALE had referred to in statements to the cooperating individual and other WCOTC members as "mud races," as well as the murder and shooting of Jews.

b. Prior to the solicitation, inducement, and endeavor to persuade, in the presence of the cooperating individual, defendant MATTHEW HALE had praised the July 1999 murders and shootings of Benjamin Smith and proclaimed his respect and admiration for Benjamin Smith.

c. Prior to the solicitation, inducement, and endeavor to persuade, defendant MATTHEW HALE had publicly stated that the WCOTC religion prohibited him from expressing regret for the deaths of members of minority groups caused by Benjamin Smith, thereby signaling to WCOTC members his approval of Benjamin Smith's actions.

d.      Prior to the solicitation, inducement, and endeavor to persuade, defendant MATTHEW HALE had, in the presence of the cooperating individual, advocated the use of violence, and discussed the possibility of resorting to acts of violence if the government and individuals with authority acted contrary to the interests of the WCOTC and/or defendant HALE.

e.      Prior to the solicitation, inducement, and endeavor to persuade, defendant MATTHEW HALE had expressed to the cooperating individual and others his belief that acts of violence committed in the name of the WCOTC were beneficial to the WCOTC because such acts brought media attention to defendant HALE and the WCOTC.

f.      Prior to the solicitation, inducement, and endeavor to persuade, defendant MATTHEW HALE, who served as the supreme leader of the WCOTC and held a position of authority over the cooperating individual, had ordered and directed the cooperating individual in various matters regarding the affairs of the WCOTC and defendant HALE, including the use of violence.

g.      Prior to the solicitation, inducement, and endeavor to persuade, defendant MATTHEW HALE had publicly claimed, in response to the Benjamin Smith shooting spree, that had he been aware of Benjamin Smith's plans, the defendant would have counseled Smith not to commit acts of violence in furtherance of the goals of the WCOTC; nonetheless defendant HALE never counseled the cooperating individual not to follow through with the cooperating individual's expressed intent to attack Judge Lefkow.

-10-

h.     Prior to the solicitation, inducement, and endeavor to persuade, beginning in or about April 2001, agents of the Federal Bureau of Investigation had regular contact with defendant HALE, and in or about May 2001, defendant HALE represented to agents of the Federal Bureau of Investigation that he would advise the Federal Bureau of Investigation if he suspected any member of the WCOTC had plans to commit an act of violence. Despite this representation, defendant MATTHEW HALE never advised the Federal Bureau of Investigation of any of the communications that he had with the cooperating individual relating to the matters pertaining to Judge Lefkow.

All in violation of Title 18, United States Code, Section 373.

## COUNT THREE

The SPECIAL APRIL 2002 GRAND JURY further charges:

1. The allegations contained in paragraph 1, and paragraphs 3 through 6 of Count Two of this indictment are realleged and incorporated as if fully set forth herein.

2. From on or about November 29, 2002 through at least on or about December 17, 2002, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MATTHEW HALE,

defendant herein, corruptly and by force – namely, through the solicitation, incitement, and encouragement of the assault and murder of United States District Judge Joan Humphrey Lefkow, a federal judicial officer presiding over the lawsuit captioned *TE-TA-MA Truth Foundation – Family of URI, Inc. v. The World Church of the Creator*, No. 00 C 2638 – endeavored to influence, intimidate, and impede Judge Lefkow in the discharge of her duty;

In violation of Title 18, United States Code, Section 1503(a).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

-12-

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

UNITED STATES OF AMERICA

vs.

MATTHEW HALE

**SUPERSEDING INDICTMENT**

Violation(s):   Title 18 United States Code Section 373;
Title 18 United States Code Section 1503

A true bill,

_____
                                                    Foreman

Filed in open court this 25th day of June_____, A.D. 20 03

MICHAEL W. DOBBINS
_____
                                                    Clerk

Bail, $_____

_____
Deputy Clerk

(Revised 5/99)