IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 CR 11 |
| | ) | Judge James T. Moody |
| MATTHEW HALE, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF FILING

**TO:** **By Hand Delivery**
M. David Weisman
Victoria Peters
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604

**PLEASE TAKE NOTICE** that on the 8th day of September, 2003, the undesigned filed

or caused to be filed with the Clerk of the District Court for the Northern District of Illinois, at

Chicago, Illinois, the foregoing Motion to Sever Counts One and Four of the Indictment, a copy

of which is hereby served upon you.

Respectfully submitted,

PATRICK W. BLEGEN, One of the
Attorneys for Defendant.

**DURKIN & ROBERTS**
53 West Jackson Boulevard, Suite 615
Chicago, Illinois 60604
(312) 922-8980

## CERTIFICATE OF SERVICE

**PATRICK W. BLEGEN**, attorney at law, hereby certifies that on September 8, 2003, he

served, or caused to be served, the foregoing pleading on the following attorneys of record by

hand delivery:

M. David Weisman
Victoria Peters
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604

**PATRICK W. BLEGEN**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 CR 11 |
| | ) | Judge James T. Moody |
| MATTHEW HALE, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO SEVER COUNTS ONE & FOUR

Defendant, **MATTHEW HALE**, by his attorneys, **THOMAS ANTHONY DURKIN**

and **PATRICK W. BLEGEN**, pursuant to Rules 8(a) and 14 of the Federal Rules of Criminal

Procedure, as well as the Due Process and Effective Assistance of Counsel Clauses of the Fifth

and Sixth Amendments to the Constitution of the United States and this Court's inherent

supervisory powers, respectfully moves this Court to sever Counts One and Four of the second

superseding indictment from the remaining counts.

In support of this motion, Defendant, through counsel, shows to the Court the following:

### I.    BACKGROUND

1.    On January 7, 2003, the grand jury returned a two count indictment charging

Defendant with one count of soliciting the murder of a federal judge in violation of 18 U.S.C.

§373, and one count of endeavoring to impede a federal judge in the discharge of her official

duties in violation of 18 U.S.C. §1503(a).[1]

---

[1]Defense counsel have previously requested a bill of particulars regarding the proof for these two charges in order to determine whether the government intended on relying on the same proof for each charge. In responding to the motion for a bill of particulars, the government indicated that it anticipated the return of the superseding indictment. From counsel's reading of the superseding indictment, it appears clear that the government is indeed relying on the same alleged conduct by Hale; *i.e.*, e-mails, statements, and conversations, as proof for both soliciting the judge's murder and for endeavoring to impede the judge in her official duties. In the event the government

2.      On June 25, 2003, the Grand Jury returned a superseding indictment. In addition to adding more specific language to the existing counts charging solicitation of murder and impeding a federal judge (and renumbering them Counts Two and Three, respectively), the superseding indictment added a new count (now Count One) charging Hale with endeavoring to impede the due administration of justice by transmitting an allegedly false letter to judge Lefkow regarding a civil trademark case, in violation of 18 U.S.C. §1503. The letter to Judge Lefkow is alleged to have falsely stated that, "from my understanding of the Court's order, I have no material in my control or possession that falls afoul of it." The indictment claims that Defendant had "in his possession and control," at least 97 publications that ran afoul of Judge Lefkow's order.

3.      On August 27, 2003, the grand jury returned a second superseding indictment charging Defendant with obstruction of justice in violation of 18 U.S.C. §1503, by instructing his father to testify falsely before a grand jury that was investigating whether Defendant had ordered or encouraged the Benjamin Smith shooting spree in July 1999. This charge alleges that Defendant falsely instructed his father to tell the grand jury that during a CNN interview after Benjamin Smith's death, Defendant had to cut off the interview because he started crying.

4.      Under the second superseding indictment, Defendant is now charged as follows: obstruction of justice by transmitting a false letter to Judge Lefkow (Count One); solicitation of the murder of Judge Lefkow (Count Two); obstruction of justice by endeavoring to murder Judge Lefkow, thereby impeding her in her official duties (Count Three); and, obstruction of justice by instructing his father to lie to the grand jury regarding the Benjamin Smith investigation (Count

---

disagrees, Defendant would renew his request for a bill of particulars regarding these charges.

2

Four).

## II.    IMPROPER JOINDER OF COUNTS UNDER RULE 8(a)

5.    Defendant submits that Counts One and Four of the superseding indictment have been improperly joined with the pre-existing charges, Counts Two and Three.

6.    Federal Rule of Criminal Procedure 8(a) provides for the joinder of two or more offenses where they are:  (1) of the same or similar character, (2) based on the same act or transaction, or (3) based on two or more acts or transactions connected together or constituting parts of a common scheme or plan. *See*, FRCRP 8(a).  While judicial economy mandates that Rule 8 be construed broadly, at least one of these three requirement must be satisfied for joinder to be proper. *See, e.g., United States v. Alexander*, 135 F.3d 470, 476 (7th Cir.1998); *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir.1996)

7.    Defendant submits that none of the three requirement can be met with regard to Counts One and Four.  The offenses are not of the same or similar character.  Counts Two and Three charge that over a period lasting from November 29, 2002, through December 17, 2002, Defendant attempted to convince a confidential informant to murder Judge Lefkow and that such efforts amounted to an attempt to obstruct justice.  Count One, on the other hand, charges Hale with mailing a false letter to Judge Lefkow regarding his understanding of one of Judge Lefkow's orders.  Count Four charges Defendant with instructing his father to lie to the grand jury regarding a separate investigation into whether Defendant ordered or encouraged the Benjamin Smith shooting spree.

8.    Likewise, Counts One and Four are not based upon the same act or transaction as Counts Two and Three.  This fact ought to be obvious, as the acts making up the alleged attempt

3

to solicit the informant are spelled out in the indictment and have nothing to do with sending a letter to Judge Lefkow or instructing Defendant's father regarding what to say to the grand jury.

9.    Lastly, Counts Two and Three are not properly joined to Counts One and Four because they are "based on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Count Four, of course, can in no way be seen as part of a common scheme or plan. Counts One, Two and Three are all related to Judge Lefkow. Count Four involves a separate grand jury investigation having nothing to do with Judge Lefkow. In addition, the conduct upon which Count Four is based took place some four months after the conduct charged in the remaining counts, and while Defendant was detained in the Metropolitan Correctional Center.

10.    Count One, while a closer call, can also not be said to be part of the common scheme or plan charged in Counts Two and Three. According to the indictment, the "plan" for Counts Two and Three was to have Judge Lefkow killed, ostensibly as revenge for Judge Lefkow's ruling in a civil case. The "plan" charged in Count One was to convince Judge Lefkow to change her ruling by providing her with false information. Such an effort is clearly part of a plan necessarily different and apart from any plan involving killing Judge Lefkow.[2]

---

[2] In fact, writing a letter containing false statements in an effort to convince Judge Lefkow to change her ruling can be seen as evidence contrary to any intent to have Judge Lefkow killed.

4

### III.   PREJUDICIAL JOINDER UNDER RULE 14

11.    Rule 14 of the Federal Rules of Criminal Procedure provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trial of counts, grant a severance of defendants, or provide whatever other relief justice requires. Fed.R.Crim.P. 14.

12.    Rule 14 thus authorizes a district court to sever offenses if joinder would be prejudicial to either party, and it is clear that the decision to grant or deny a motion for severance will not be disturbed on appeal unless the party opposing the grant or denial of severance demonstrates a clear abuse of discretion. *See, e.g., United States v. Shearer*, 606 F.2d 819, 820 (8th Cir.1979); *United States v. Percival*, 756 F.2d 600, 610 (7th Cir.1985).

13.    Defendant submits that pursuant to Rule 14, a trial of Counts One and Four with Counts Two and Three will cause him severe and unnecessary prejudice in that Defendant has a strong need to refrain from testifying regarding Counts Two and Three. Conversely, Defendant has important testimony to give regarding Counts One and Four, and such testimony on these counts can come only from Defendant himself. *See, United States v. Archer*, 843 F.2d 1019, 1022 (7th Cir. 1988) (Holding that while severance is not mandatory in every case where a defendant wants to testify on one count but not another, a need for severance arises where a defendant makes a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other.); *see, also, United Stats v. Best*, 235 F.Supp.2d 923 (N.D. Ind. 2002)

14.    With regard to Counts Two and Three, it is strongly contrary to Defendant's interest to assist the government in meeting its burden of proof by testifying. Both counts require

5

the government to prove that Defendant intended to have Judge Lefkow killed, and that he attempted to convince a confidential informant to do so.[3] The government's own evidence in that regard, including e-mails and audiotapes, contradicts Defendant's intent in and of itself. In short, the government's case on Counts Two and Three is weak, at best. And, since Hale's defense will rely in great part on what he explicitly said in those e-mails and on tape, there is no need, and it would be contrary to his interests, for Defendant to testify and further explain his words. In sum, he meant what he said, and he never said that the confidential informant should kill Judge Lefkow or anyone else. The government will have to prove that Defendant meant something other than what he said; and, as such, Defendant intends on holding the government to its burden without running the risk that his testimony might somehow support the government's case

15. Moreover, it is clear from the details of Counts One and Two that the government intends on relying, among other things, on Defendant's racist beliefs, the teachings of the books on which he bases his beliefs, and his past comments regarding the Benjamin Smith shooting rampage in order to prove Defendant's intent and as strongly corroborative circumstances. Allowing Defendant to be cross examined about his beliefs, his feelings about the Benjamin Smith shootings, and etc, wold only serve to further inflame the jury against him.

16. Counts One and Four, on the other hand, are both based on statements by Defendant regarding which he can provide important testimony. Count One alleges that he falsely stated to Judge Lefkow in a letter that, "from my understanding of the Court's order, I

---

[3]Count Two also requires that Defendant's intent be proven under strongly corroborative circumstances — an additional burden that Defendant's testimony can only assit the government in meeting.

6

have no material in my control or possession that falls afoul of it." While the government will no doubt attempt to prove Defendant's "understanding" through other means, Defendant's testimony regarding what his understanding was, how he came to that understanding, and why his true understanding may have differed from his public comments is critical to the defense.[4]

17.     Similarly, Defendant can provide important testimony regarding Count Four. Count Four accuses Defendant of obstructing justice by instructing his father to testify falsely before a grand jury investigating whether Defendant ordered or encouraged the Benjamin Smith shooting rampage. Defendant is alleged to have told his father to testify that during a CNN interview he "had to cut off the interview . . . because he started crying." The indictment further alleges that Defendant well knew that at no time did he have to cut off the interview.

18.     The government's evidence on this count is the CNN video, and the two CNN reporters who were present. The video itself is inconclusive, because while the live portion of the interview has been completed prior to the end of the tape, Defendant is still being interviewed when the tape stops. Apparently, the CNN reporters have told the government only that they do not recall Defendant stopping the questioning and crying. Defendant does recall it, and will testify to that effect at a separate trial.[5]

19.     Testifying on Counts One and Four only should also not leave Defendant open to extensive cross examination regarding his beliefs, religious teachings, and etc. In particular, the government would likely not be permitted to cross examine Defendant with regard to the most

---

[4]Defendant would rather not reveal the anticipated substance is testimony until he testifies. If the Court believes the details of his testimony are necessary for this motion, Defendant would request leave to provide such details to the Court *ex parte* and *in camera*.

[5]While Defendant's father was not privy to whether the CNN interview was interrupted or not, Defendant's father does recall Hale having come into the house in tears.

7

inflammatory aspects of his beliefs; *i.e.*, his beliefs regarding violence what actions he believes would be appropriate if his organization came to political power. Counts One and Four are essentially false statement charges. His beliefs regarding violence would be irrelevant to those charges.

**WHEREFORE**, Defendant respectfully requested that this Court sever Counts One and Four of the indictment from the remaining counts pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure.

Respectfully submitted,

**THOMAS ANTHONY DURKIN**

**PATRICK W. BLEGEN**, Attorneys for Defendant.

**DURKIN & ROBERTS**
53 West Jackson Boulevard, Suite 615
Chicago, Illinois 60604
(312) 922-8980

8