**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 CR 11 |
| | ) | Judge James T. Moody |
| MATTHEW HALE, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF FILING**

TO:  **By Hand Delivery**
  M. David Weisman
  Victoria Peters
  Assistant United States Attorneys
  219 South Dearborn Street, 5th Floor
  Chicago, Illinois 60604

  **PLEASE TAKE NOTICE** that on the 9th day of September, 2003, the undesigned filed

or caused to be filed with the Clerk of the District Court for the Northern District of Illinois, at

Chicago, Illinois, the foregoing:

1. Defendant's Motion Regarding Jury Selection;
2. Defendant's Proposed Jury Questionnaire; and,
3. Defendant's Proposed Jury Instructions

copies of which are hereby served upon you.

Respectfully submitted,

PATRICK W. BLEGEN, One of the
Attorneys for Defendant.

**DURKIN & ROBERTS**
53 West Jackson Boulevard, Suite 615
Chicago, Illinois 60604
(312) 922-8980

## CERTIFICATE OF SERVICE

**PATRICK W. BLEGEN**, attorney at law, hereby certifies that on September 9, 2003, he

served, or caused to be served, the foregoing pleading on the following attorneys of record by

hand delivery:

M. David Weisman
Victoria Peters
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604

**PATRICK W. BLEGEN**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 CR 11 |
| | ) | Judge James T. Moody |
| MATTHEW HALE, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant, **MATTHEW HALE**, by and through his attorneys, **THOMAS ANTHONY DURKIN** and **PATRICK W. BLEGEN**, pursuant to the Rule 30 of the Federal Rules of Criminal Procedure, and the Due Process and Effective Assistance of Counsel Clauses of the Fifth and Sixth Amendments to the Constitution of the United States, respectfully submits the following Proposed Jury Instructions, pursuant to this Court's order of August 28, 2003.[1]

Defendant reserves the right to supplement this submission as counsel's investigation continues and as the evidence unfolds at trial. *See, e.g., United States v. Tourine*, 428 F.2d 865 (2nd Cir. 1970); *United States v. Mendoza*, 473 F.2d 697 (5th Cir. 1973); *United States v. McQuarry*, 726 F.2d 401 (8th Cir. 1984); *Smith v. United States*, 390 F.2d 401 (9th Cir. 1968).[2]

---

[1] The final pretrial conference was held on August 28th before Magistrate Judge Rodovich. At that time, Magistrate Rodovich set the deadline for filing jury instructions for September 9, 2003.

[2] Counsel would further note that they have had very little time to consider and research proper instructions for Count Four of the second superseding indictment, which was made part of the second superseding indictment on August 27, 2003.

Respectfully submitted,

THOMAS ANTHONY DURKIN

PATRICK W. BLEGEN, Attorneys for
Defendant.

**DURKIN & ROBERTS**
53 West Jackson Boulevard, Suite 615
Chicago, Illinois 60604
(312) 922-8980

2

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

You are permitted to make reasonable inferences from the facts in evidence in this case. A reasonable inference is defined as a process of reasoning whereby, from the facts otherwise admitted or established by the evidence in light of your common knowledge and experience, a reasonable and logical conclusion may be drawn that a certain fact is true. A reasonable inference, therefore, is said to be clearly distinguished from a mere guess or conjecture.

The law does not permit speculation; moreover, on the basis solely of one inference so drawn, a further inference may not be drawn, unless you are reasonably certain of the preliminary inference. In other words, you may not base your verdict solely on the piling of inference upon inference.

AUTHORITY:

*United States v. An Article of Device*, 731 F.2d 1253 (7th Cir. 1984); *United States v. Balzano*, 916 F.2d 1273 (7th Cir. 1990).

ACCEPTED      __
REJECTED      __
MODIFIED      __
WITHDRAWN      __

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

You have heard evidence of acts of each defendant other than those charged in the indictment. You may consider this evidence only on the question of predisposition, intent or knowledge. You should consider this evidence only for this limited purpose.

AUTHORITY:

Seventh Circuit Committee (1999) 3.04

ACCEPTED      ___
REJECTED      ___
MODIFIED      ___
WITHDRAWN      ___

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

You have heard evidence that before the trial witnesses made statements that may be inconsistent with the witnesses' testimony here in court. If you find that it is inconsistent, you may consider the earlier statement in deciding the truthfulness and accuracy of the witness's testimony in this trial. [If that statement was made under oath, you may also consider it as evidence of the truth of the matters contained in that prior statement.]

AUTHORITY:

Seventh Circuit Committee (1999) 3.09

ACCEPTED       __
REJECTED       __
MODIFIED       __
WITHDRAWN      __

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

You have heard testimony from Tony Evola who received benefits from the government in connection with his involvement in this case, namely money in excess of $ _____.

You may give his testimony such weight as you feel it deserves, keeping in mind that it must be considered with caution and great care.

AUTHORITY:

Seventh Circuit Committee (1999) 3.13 (modified)

ACCEPTED ___
REJECTED ___
MODIFIED ___
WITHDRAWN ___

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

You should carefully scrutinize the testimony given and the circumstances under which each witness has testified, and every matter in evidence which tends to indicate whether the witness is worthy of belief. Not only must you consider each witness' intelligence, motives, state of mind, and demeanor or manner while testifying, you must also consider any relation each witness may bear to either side of the case.

All evidence of a witness whose self-interest is shown from either benefits received, detriments suffered, threats or promises made, or any attitude of the witness which might tend to prompt testimony either favorable or unfavorable to a defendant should be considered with caution and weighed with care.

AUTHORITY:

*Hoffa v. United States*, 385 U.S. 293, 87 S.Ct. 408 (1966); Seventh Circuit Committee (1999) 3.13 Comment.

ACCEPTED    __
REJECTED    __
MODIFIED    __
WITHDRAWN    __

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6

The government must prove beyond a reasonable doubt that the defendant was not entrapped. Thus, the defendant must prove beyond a reasonable doubt either (1) that, before contact with law enforcement, the defendant was ready and willing or had a predisposition or prior intent to commit the offense, or (2) that the defendant was not induced or persuaded to commit the offense by law enforcement officers or their agents.

AUTHORITY:

Seventh Circuit Committee (1999) 6.04

ACCEPTED     ___
REJECTED     ___
MODIFIED     ___
WITHDRAWN     ___

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

In determining whether the defendant was entrapped, you may consider:

(1) the background of the defendant, including prior criminal history;

(2) whether it was law enforcement officers or their agents that first suggested the criminal activity;

(3) whether the defendant performed criminal activity for profit;

(4) whether the defendant showed reluctance to perform criminal activity;

(5) whether law enforcement officers or their agents repeatedly induced or persuaded the defendant to perform criminal activity;

(6) whether law enforcement officers or their agents offered an ordinary opportunity to commit a crime; and

(7) whether law enforcement officers or their agents offered exceptional profits or persuasion or merely solicited commission of the crime.

While no single factor necessarily indicates by itself that a defendant was or was not entrapped, the central question is whether the defendant showed reluctance to engage in criminal activity that was overcome by inducement or persuasion.

AUTHORITY:

Seventh Circuit Committee (1999) 6.05

ACCEPTED      __
REJECTED      __
MODIFIED      __
WITHDRAWN      __

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8

Each count of the indictment charges the defendant with having committed a separate offense.

You must give separate consideration to each count. You must consider each count and the evidence relating to it separate and apart from every other count.

You should return a separate verdict as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

AUTHORITY:

Seventh Circuit Committee (1999) 7.04

ACCEPTED      __
REJECTED      __
MODIFIED      __
WITHDRAWN     __

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9

To sustain the charge of influencing or impeding a judicial officer, as charged in Count One, the government must prove the following propositions:

First, that Joan H. Lefkow was an officer in or of any court of the United States;

Second, that the defendant endeavored to influence and impede Judge Lefkow by transmitting via U.S. Mail, in connection with a pending civil case before Judge Lefkow, a letter to Judge Lefkow falsely stating that "from my understanding of the Court's order, I have no material in my control or possession that falls afoul of it," when in fact, at the time of writing this letter, the defendant had in his possession and control at least 97 publications with the trademarked term "Church of the Creator" as various locations in Illinois on account of her being an officer in or of any court of the United States;

Third, that the defendant acted knowingly; and

Fourth, that the defendant's acts were done corruptly, that is, with the purpose of wrongfully impeding the due administration of justice.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

AUTHORITY:

Seventh Circuit Committee (1999), 18 U.S.C. §1503

ACCEPTED     __
REJECTED     __
MODIFIED     __
WITHDRAWN     __

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10

The word endeavor describes any effort or act to influence an officer in or of any court of the United States. The endeavor need not be successful, but it must have at least a reasonable tendency to impede the officer in the discharge of his duties.

AUTHORITY:

Seventh Circuit Committee (1999), 18 U.S.C. §1503

ACCEPTED      __
REJECTED      __
MODIFIED      __
WITHDRAWN     __

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11

The word corruptly means that the defendant acted with an improper motive or with an evil or wicked purpose

AUTHORITY:

Seventh Circuit Committee (1999), 18 U.S.C. §1503 (Comment); *United States v. Partin*, 552 F.2d 621, 641 (5th Cir. 1977); *United States v. Ryan*, 455 F.2d 728, 734 (9th Cir. 1971); *United States v. Haldeman*, 559 F.2d 31, 115 n. 229 (D.C.Cir. 1976)

ACCEPTED     __

REJECTED     __

MODIFIED     __

WITHDRAWN     __

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12

To sustain the charge of solicitation to use physical force against another, as charged in Count Two, the government must prove the following propositions:

First, that the defendant intended to have Tony Evola engage in conduct constituting a felony involving the use, attempted use, or threatened use of force against Judge Lefkow

Second, that there are strongly corroborative circumstances indicating that the defendant was serious that Evola actually carry out the crime; and

Third, that the defendant solicited, induced or otherwise endeavored to persuade Evola to engage in such conduct.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

AUTHORITY:

18 U.S.C. §373; *United States v. Rahman*, 34 F.3d 1331, 1337 (7th Cir. 1994); *United States v. Gabriel*, 810 F.2d 627, 635 (7th Cir. 1987); *United States v. Buckalew*, 674 F.Supp. 940, 943 (D.Maine 1987).

ACCEPTED        __
REJECTED        __
MODIFIED        __
WITHDRAWN       __

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13

Examples of "strongly corroborative" circumstances that are highly probative of the intent to solicit another to use physical force against an individual include, but are not limited to, the following:

(a) the fact that the defendant offered or promised payment or some other benefit to the person solicited if he would commit the offense;

(b) the fact that the defendant threatened harm or some other detriment to the person solicited if he would not commit the offense;

(c) the fact that the defendant repeatedly solicited the commission of the offense, held forth at length in soliciting the commission of the offense, or made express protestations of seriousness in soliciting the commission of the offense;

(d) the fact that the defendant believed or was aware that the person solicited had previously committed similar offenses; and

(e) the fact that the defendant acquired weapons, tools or information suited for use by the person solicited in commission of the offense, or made other apparent preparations for the commission of the offense by the person solicited.

AUTHORITY:

*United States v. Gabriel*, 810 F.2d 627, 635 (7th Cir. 1987); *United States v. Buckalew*, 674 F.Supp. 940, 943 (D.Maine 1987); S.Rep. No. 307, 97th Congress, 1st Session 183 (1982)

ACCEPTED        __
REJECTED        __
MODIFIED        __
WITHDRAWN       __

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14

To sustain the charge of influencing, intimidating or impeding a judicial officer, as charged in Count Three, the government must prove the following propositions:

First, that Joan H. Lefkow was an officer in or of any court of the United States;

Second, that the defendant endeavored to influence, intimidate and impede Judge Lefkow in the discharge of her duty by soliciting, inciting and encouraging the assault and murder of Judge Lefkow on account of her being an officer in or of ant court of the United States;

Third, that the defendant acted knowingly; and

Fourth, that the defendant's acts were done corruptly and by force, that is, with the purpose of wrongfully impeding the due administration of justice.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

AUTHORITY:

Seventh Circuit Committee (1999), 18 U.S.C. §1503

ACCEPTED     ___
REJECTED     ___
MODIFIED     ___
WITHDRAWN     ___

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15

To sustain the charge of influencing, obstructing or impeding the administration of justice, as charged in Count Four, the government must prove the following propositions:

First, that Russell Hale was a witness;

Second, that the defendant endeavored to influence, obstruct and impede the administration of justice by instructing and directing Russell Hale to testify that during the course of the interview with CNN journalists, the defendant had to stop the interview because he started crying and was unable to complete the interview due to his emotional reaction to Ben Smith's death on account of his being a witness;

Third, that the defendant acted knowingly; and

Fourth, that the defendant's acts were done corruptly, that is, with the purpose of wrongfully influencing, obstructing and impeding the due administration of justice.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

AUTHORITY:

Seventh Circuit Committee (1999), 18 U.S.C. §1503

ACCEPTED     __
REJECTED     __
MODIFIED     __
WITHDRAWN     __

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16

The First Amendment to the Constitution of the United States protects the right of individuals to free association. Membership in the World Church of the Creator, or any other religious, political, or racial organization is not a crime. The First Amendment also protects the right of individuals to maintain and express their beliefs, no matter how unpopular.

In considering whether the government has proven the defendant guilty beyond a reasonable doubt, you may not consider the defendant's membership in the World Church of the Creator or his beliefs regarding race relations.

AUTHORITY:

*United States v. Acosta*, 110 F.Supp2d 918 (E.D.Wis. 2000); *City of Chicago v. Morales*, 527 U.S. 41, 53, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999) (opinion of Stevens, J.); *Alliance to End Repression, et al. v. City of Chicago*, 627 F.Supp. 1044 (N.D.Ill. 1985); *Elrod v. Burns*, 427 U.S. 347, 356-60 (1976); *Buckley v. Valeo*, 424 U.S. 1, 11(1976); *NAACP v. Button*, 371 U.S. 415 (1963).

ACCEPTED       __
REJECTED       __
MODIFIED       __
WITHDRAWN      __