## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA,    )
                     )

        Plaintiff,       )

                    )

v.                  )    No. 03 CR 11

                    )    Judge James T. Moody

MATTHEW HALE,        )

                    )

        Defendant.      )

### DEFENDANT'S MOTION REGARDING JURY SELECTION

Defendant, **MATTHEW HALE**, by his attorneys, **THOMAS ANTHONY DURKIN** and **PATRICK W. BLEGEN**, pursuant to the Due Process and Effective Assistance of Counsel Clauses of the Fifth and Sixth Amendments to the Constitution of the United States, respectfully submits the following motions regarding jury selection: **(I)** Motion to Submit Jury Questionnaire Prior to Inquiry of Prospective Jurors; and, **(II)** Proposed *Voir Dire* Questions.

### I. MOTION TO SUBMIT JURY QUESTIONNAIRE

Defendant respectfully requests that this Court submit the jury questionnaire, filed contemporaneously herewith, prior to any inquiry of the panel of prospective jurors in this case. Defendant suggests that this questionnaire is designed for one purpose — to get important background information in a time-efficient way. It is not designed to be slanted to the defense or prosecution, and Defendant would be happy to incorporate any changes suggested by the government or the Court. The questionnaire could be passed out early to the panel (perhaps during motions *in limine* or other housekeeping matters), thus causing no waste of time. Counsel would also remind the Court that, in its Order denying Defendant's Motion for a Change of Venue, the Court indicated that in light of the extensive media attention this case has received

and will continue to receive, it would engage in a careful and extensive examination of the prospective jurors. Defendant submits that a jury questionnaire will aid significsntly in this endeavor.

Defendant is mindful as well of the demands on the Court and the need to conduct the trial efficiently. However, the suggestions contained herein are designed to minimize any extra time spent by the Court in picking a jury in this case, while at the same time providing an opportunity for meaningful selection of the jurors. For example, it would not be necessary for the jurors to be verbally asked the questions contained in the proposed questionnaire, thus saving time for more important follow-up questions. Another example would be the elimination of repetitively asking the same questions over and over to each juror. This tends to bore the other jurors and elicit identical perfunctory responses from each potential juror, in other words, a substantial expenditure of the Court's time with little return in terms of insight into jurors biases and value systems.

Besides saving time by eliminating the need to ask repetitive background questions, the questionnaire would also give both government and defense a much better insight into the biases and value systems of the potential jurors, a particularly sensitive issue in light of the nature of the allegations in this case. It would also elicit any potential problems with jury service. In addition, common sense (and studies) suggest that people are much more comfortable supplying personal information in a private written format rather than in the imposing setting of a federal court in front of many strangers. The questionnaire would, therefore, be an important and necessary part of Defendant's attempt to get meaningful *voir dire* in this case.

Such a questionnaire would also be most particularly appropriate in light of the extensive

2

pretrial publicity already surrounding this case and the strong, extrajudicial emotional sentiment members of the venire are apt to bring to this courtroom based upon the nature of the charges and the highly inflammatory nature of Defendant's public pronouncements and beliefs.

As the Court is most certainly well aware, this case, as well as Defendant's relationship to Benjamin Smith, has generated an enormous amount of attention from the local print, radio and television media for a number of years, beginning at least as early as July of 1999, the date of Benjamin Smith's shooting rampage. Defendant's arrest on the matters related to Judge Lefkow also resulted in what can on be described as a "media circus" as Defendant was literally arrested inside the Dirksen Federal Building, having just been interviewed by the press regarding his church's trademark case. Equally as importantly, Defendant, his beliefs, the Benjamin Smith incident, and the Judge Lefkow matters have not only generated extensive media attention, but have generated strong feelings among the public, which many of the prospective jurors will no doubt bring to the courtroom. The jury questionnaire will serve as an important first step in determining which jurors have preconceived notions about Defendant and this case, and whether such jurors can nevertheless be fair and impartial. A copy of Defendant's proposed Jur Questionnaire is filed herewith under separate cover.

## II. DEFENDANT'S PROPOSED *VOIR DIRE* QUESTIONS

As requested by the Court, counsel have placed each proposed question on a separate

sheet of paper and attached them hereto.

Respectfully submitted,

THOMAS ANTHONY DURKIN

PATRICK W. BLEGEN, Attorneys for
Defendant.

**DURKIN & ROBERTS**
53 West Jackson Boulevard, Suite 615
Chicago, Illinois 60604
(312) 922-8980

4

## DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 1

Is there anything about the nature of the charges in this case -- alleged solicitation of murder of a federal judge, impeding a judge in her official duties, obstructing a federal judge in the performance of her duties, and attempting to present false testimony to the grand jury — that makes you unsure about being a fair and impartial juror?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 2

Have you read, seen or heard anything about the defendant Matthew Hale or his church, the World Church of the Creator?

Have you read, seen or heard anything about the FBI's investigation of the defendant or his church?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 3

Are you familiar with the name Benjamin Smith, or are you aware of the 1999 racially motivated shootings that occurred in Illinois and Indiana? Do you know, or have you heard, anything about any purported connection between the defendant or his church and those shootings?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 4

Have you read, seen or heard anything at all about this case, or the defendant?

[If the answer to question #2, 3 or 4 is yes, the remainder of the publicity questions put to the prospective juror should be out of the presence of the remainder of the venire. *See, United States v. Carter*, 602 F.2d 799 (7th Cir. 1979); *United States v. Accardo*, 298 F.2d 133 (7th Cir. 1962).]

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 5

Without going into detail, what did you read or hear generally, and from what source?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 6

Have you discussed this case or the general topic of the investigation of the defendant or his church, or Ben Smith, with anyone at all? If so, what was the nature of those discussions, when did they occur and with whom did they occur?

## DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 7

Has anyone discussed this case in your presence, or expressed any views about the guilt

or innocence the defendant to you directly or in your presence?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 8

Have you formed any opinions based upon what you have read, seen, heard or talked about regarding this case? If so, what are those opinions and what evidence would be required in order to overcome your opinions?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 9

Do you understand that your decision in this case can only be based upon the evidence presented in this trial, and that you may not consider any information from any other source in arriving at your verdict(s)?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 10

Do you believe that you can totally ignore everything you may have read, seen, heard or talked about regarding this case in arriving at your verdict(s)?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 11

Do you understand that you cannot judge the guilt or innocence of any person, including the defendant in this case, based upon information you might have received outside the courtroom?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 12

The purported victim in this case is an appointed federal judge serving in this federal district. Would the fact that the victim is a judge affect your ability to be fair and impartial in this case?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 13

Have you ever had any personal dealings with any federal judges in this district? If so, please explain the nature of the dealings, and whether it was a negative or positive experience for you.

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 14

Have you ever served as an elected or appointed public official, or served in any other capacity for a governmental entity or political party? If yes, please explain.

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 15

Do you have any relatives or friends who are or were elected or appointed public officials

or officers or active participants in any national or local political party? If yes, please explain.

## DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 16

The evidence will show that the investigation of the defendant was conducted by agents assigned to investigate domestic terrorism. Would this fact affest your ability to be impartial in this case?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 17

The evidence will also show that the government used an informant to infiltrate the defendant's church as part of a domestic terrorism investigation. Would the fact that the government used an informant to infiltrate the defendant's church make you less able to be impartial? Would the fact that the government designated their investigation as a domestic terrorism investigation make you less likely to be impartial?

Do you believe that as a result of the terror attacks of September 11th that the government ought to infiltrate organizations?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 18

Do you have any strong feelings about race? What are those feelings?

Do you have any strong feelings or beliefs about racial prejudice? The evidence in this case will show that the defendant and his church advocate separation of the races, and profess that the white race is superior to all other races. Would that fact render it difficult for you to impartially judge the facts of this case?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 19

Do you have any strong feelings about religious or ethnic prejudice? The evidence will show that the defendant and his church espouse the belief that Jews should be driven from America. Would the fact that the defendant and his church have such negative feelings about Jews render it difficult for you to impartially judge the facts of this case?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 20

Are you affiliated with any religion? If so, what religion, and do you actively participate in that religion?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 21

How do you feel about people who express strong negative feelings about racial or religious minorities? Do you think any more or less of them as a person? Would you have difficulty being impartial in this case knowing that the defendant has strong negative feelings about racial and religious minorities?

## DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 22

The evidence at trial will show that the defendant has strong views about racial and religious minorities. How will the defendant's negative views make you feel about him as a person? Would you be more or less likely to believe that he was capable of committing a criminal offense based on his strong opinions on race and religion?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 23

The evidence in this case will include tape recordings in which the participants, including the defendant, repeatedly used ethnic slurs and vulgar racial language about non-whites and Jews. Will you be offended by the language used in these tape recordings? If so, will those feelings affect your ability to be impartial in this case?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 24

The evidence in this case will also show that the defendant calls his racist belief system a religion, for which a church exists, and that his followers are considered members of that church. Will you be offended that the defendant calls his racial belief system a religion? If so, would this affect your ability to be impartial in this case?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 25

Some of the witnesses who testify in this case may also express negative racial views.

Would this fact make it difficult for you to consider their testimony in the same manner in which

you would consider the testimony of any other witnesses?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 26

Do you believe that all Americans have a right to the freedom of their beliefs, no matter how distasteful those beliefs may be? Would you be more likely to convict someone of a criminal offense because of his negative racial beliefs, or would it have any bearing on your decision to acquit or convict?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 27

Do you agree that all Americans have a right to speak freely, associate with whomever they choose, and practice any religion they choose? Do you think any limits should be placed on those freedoms?

## DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 28

Have you, or any of your relatives or friends, ever been the victim of an offense motivated by race, gender, sexuality or religion, or treated differently in their school or workplace based on any of those factors? If so, please describe. Would that experience make it difficult for you to be impartial in this case?

## DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 29

Do any of you have any preconceived ideas as to the guilt or innocence of the defendant? Are you aware that, in fact, you must presume that the defendant is innocent, and that you are to continue to presume his innocence unless and until the government proves him guilty beyond a reasonable doubt?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 30

At the end of the trial I will instruct you that if you have a reasonable doubt as to whether the defendant committed any of the elements of a charged crime, you must acquit the defendant of that charge. Even if you thought the defendant *may* have committed a crime, would you be able to vote not guilty if you had a reasonable doubt as to whether the government had failed to prove any one of the essential elements of the charge?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 31

At the end of the trial I will instruct you that an indictment is merely the formal document by which a defendant is charged, and that it creates no inference that the defendant may have committed the charged offenses. Do you understand that an indictment is not evidence and cannot be considered by you as any indication that a defendant committed any of the alleged offenses?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 32

Do you understand that the fact that a defendant was indicted is not to be considered by you in determining the issues of innocence or guilt?

## DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 33

Do you have any disagreement with the concept that in a criminal case the burden of proof rests completely and entirely upon the government to prove a defendant's guilt beyond a reasonable doubt? If so, please explain.

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 34

Do you feel that a defendant should take the witness stand and explain to you his version of what happened?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 35

If a defendant does not testify, might you feel that, simply because he did not testify, he is hiding something? If so, please explain.

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 36

Do you understand that a defendant is under no obligation to testify, and that you cannot

hold the fact that a defendant does not testify against him in determining his guilt or innocence?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 37

Do you also understand that a defendant does not have to call any witnesses or present any evidence on his own behalf and that you cannot hold the fact that he does not do so against him in determining his guilt or innocence?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 38

Do you understand that, even if a defendant calls no witnesses or presents no evidence, if you still have a reasonable doubt as to his guilt you must find him not guilty?

## DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 39

Do you have any qualms or disagreements with the rules I have just discussed, namely, the defendant's presumption of innocence, and the government's burden of proof of guilty beyond a reasonable doubt?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 40

Have you or any member of your immediate family ever been an employee of the U.S.

Government or one of its agencies? If so, please explain. Have you or any friend or relative ever

been an employee of an state government or agency? If so, please explain.

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 41

Do you understand that all federal prosecutions are brought in the name of the United States, and that this is merely a formal way of naming the parties to a lawsuit, and has no significance whatsoever as to the guilt or innocence of a defendant?

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 42

Have you, anyone in your family, or any close personal friends ever been a member of any law enforcement organization? If so, please explain, including the identity of the agency, the time periods of employment, and job responsibilities.

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 43

Based on your experiences with law enforcement, have you formed any opinion regarding

the guilt or innocence of persons charged with criminal offenses? Please explain.

DEFENDANT'S PROPOSED *VOIR DIRE* QUESTION NO. 44

Do you believe that, simply because a witness is in law enforcement, he is more believable than other witnesses who are just plain folks? Do you understand that only you can decide which witnesses you will believe?