IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | DEC 1 9 2003 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 03 CR 11 |
|  | ) | Judge James T. Moody |
| MATTHEW HALE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**DEFENDANT'S MOTION TO SEVER COUNT THREE OF THE THIRD
SUPERSEDING INDICTMENT BASED UPON PREJUDICIAL JOINDER**

Defendant, **MATTHEW HALE**, by his attorneys, **THOMAS ANTHONY DURKIN**

and **PATRICK W. BLEGEN**, pursuant to Rule 14 of the Federal Rules of Criminal Procedure,

as well as the Due Process and Effective Assistance of Counsel Clauses of the Fifth and Sixth

Amendments to the Constitution of the United States and this Court's inherent supervisory

powers, respectfully moves this Court to sever Count Three of the Third Superseding Indictment

from the remaining counts.

In support of this motion, Defendant, through counsel, shows to the Court the following:

**BACKGROUND**

1.      On January 7, 2003, the grand jury returned a two count indictment charging

Defendant with one count of soliciting the murder of a federal judge in violation of 18 U.S.C.

§373, and one count of endeavoring to impede a federal judge in the discharge of her official

duties in violation of 18 U.S.C. §1503(a).

2.      On June 25, 2003, the Grand Jury returned a superseding indictment. In addition

to adding more specific language to the existing counts charging solicitation of murder and

impeding a federal judge, the superseding indictment added a new count charging Hale with endeavoring to impede the due administration of justice by transmitting an allegedly false letter to judge Lefkow regarding a civil trademark case, in violation of 18 U.S.C. §1503. The letter to Judge Lefkow is alleged to have falsely stated that, "from my understanding of the Court's order, I have no material in my control or possession that falls afoul of it." The indictment claims that Defendant had "in his possession and control," at least 97 publications that ran afoul of Judge Lefkow's order.

3.    On August 27, 2003, the grand jury returned a second superseding indictment charging Defendant with obstruction of justice in violation of 18 U.S.C. §1503, by instructing his father to testify falsely before a grand jury that was investigating whether Defendant had ordered or encouraged the Benjamin Smith shooting spree in July 1999. This charge alleges that Defendant falsely instructed his father to tell the grand jury that during a CNN interview after Benjamin Smith's death, Defendant had to cut off the interview because he started crying.

4.    On October 29, 2003, the grand jury returned a third superseding indictment which added a new charge of soliciting the murder of Judge Lefkow (18 U.S.C. §373). This new count (Count Three) alleges that Defendant asked a reverend in his church, described in the indictment as Individual A, if "he would kill Judge Lefkow, or if he knew someone who would do the same."

5.    Under the Third Superseding Indictment, Defendant is now charged as follows: (1) obstruction of justice by transmitting a false letter to Judge Lefkow (Count One); (2) soliciting the confidential informant to murder of Judge Lefkow (Count Two); (3) soliciting Individual A to murder Judge Lefkow (Count Three); (4) obstruction of justice by endeavoring to

2

murder Judge Lefkow, thereby impeding her in her official duties (Count Four); and, (5)

obstruction of justice by instructing his father to lie to the grand jury regarding the Benjamin

Smith investigation (Count Five).

## PREJUDICIAL JOINDER UNDER RULE 14

6.      Rule 14 of the Federal Rules of Criminal Procedure provides:

> If it appears that a defendant or the government is prejudiced by a joinder of
> offenses or of defendants in an indictment or information or by such joinder for trial
> together, the court may order an election or separate trial of counts, grant a severance
> of defendants, or provide whatever other relief justice requires.  Fed.R.Crim.P. 14.

7.      Rule 14 thus authorizes a district court to sever offenses if joinder would be

prejudicial to either party, and it is clear that the decision to grant or deny a motion for severance

will not be disturbed on appeal unless the party opposing the grant or denial of severance

demonstrates a clear abuse of discretion. *See, e.g., United States v. Shearer*, 606 F.2d 819, 820

(8th Cir.1979); *United States v. Percival*, 756 F.2d 600, 610 (7th Cir.1985).

8.      Defendant has previously requested that the Court sever the allegations regarding

the solicitation of Judge Lefkow's murder from the allegations of mailing a false statement to

Judge Lefkow, and instructing his father to lie to a grand jury.[1]  In a ruling dated October 20,

2003, Magistrate Rodovich denied the requested severance on the basis that Hale had not

demonstrated either that he had a strong need to refrain from testify regarding the solicitation of

Judge Lefkow's murder, or that his testimony was required regarding the obstruction of justice

charges. (Magistrate Rodovich's Order, p. 8)

9.      The magistrate's previous severance ruling is flawed in several important respects.

---

[1]The arguments and analysis regarding prejudicial joinder from Defendant's Motion to Sever Counts One
and Four, filed September 8, 2003, are incorporated herein as though fully set forth.

For example, the ruling holds Hale to a standard for severance that is simply unattainable. The ruling indicates that "Hale has also failed to demonstrate that his testimony is *required* with respect to Count 4." (Magistrate's Order, p. 8) (emphasis added). The proper standard, however, is that a defendant need only show that he have *important* testimony to give regarding certain charges. *See, United States v. Archer*, 843 F.2d 1019, 1022 (7th Cir. 1988). It is difficult to imagine how a defendant could show, pre-trial, that his testimony is required.

10.     As well, while the law only requires that a defendant demonstrate a strong need to refrain from testifying, the Magistrate's ruling states that a defendant must "show that the government would be unable to present sufficient evidence to support a conviction without his testimony." *Citing, United States v. Freland*, 141 F.3d 1223, 1227 (7th Cir. 1998) The Magistrate's standard is based on a misinterpretation of *Freland*. *Freland*, citing to *United States v. Balzano*, 916 F.2d 1273, 1283 (7th Cir. 1990), held that on *appellate review*, a strong need to refrain from testifying will not be found where the record indicates that the government offered sufficient evidence to convict without reference to the defendant's testimony. Until now, and for obvious reasons, no court has ever required that a defendant negate the government's evidence *prior to trial*. A defendant need only show that he has a strong need to refrain from testifying. The magistrate's ruling, however, has essentially made a Rule 14 severance impossible.

11.     The magistrate also misunderstood the primary thrust of Defendant's argument. As even the government must concede, Hale's e-mails to the confidential informant, and his taped conversations with him, by no means overwhelmingly demonstrate that Hale solicited the murder of Judge Lefkow. Unlike the typical solicitation case, Hale does not ask, tell, or offer to pay the informant to do it. The statements are ambiguous, at the very best, and the government

4

will be forced to rely on winks, nods, Hale's fear that the was being watched, as well as his outrageous beliefs to prove that he meant something other than what he said. In such circumstances, it is difficult to see how a detached view of this case can lead to any conclusion but that Hale should go nowhere near the witness stand. Conversely, the obstruction counts involving the letter to Judge Lefkow and instructing his father to lie lead to the opposite conclusion. On their face, the letter to Judge Lefkow and Hale's taped conversation with his father *appear* to be unambiguous. Hale's testimony is therefore very important regarding those charges — to explain his understanding of Judge Lefkow's order, and to refute that what he told his father was a lie. In what appears to be an attempt to hoist counsel on their own petard, the Magistrate's ruling indicates that if Hale meant what he said to the informant and in his e-mails, then what he said in his letter to Judge Lefkow must be equally clear and Hale therefore need not testify. (Magistrate's Order, p. 8) That is precisely the opposite of counsel's argument, and Hale should not be forced to testify regarding charges to which he should remain silent and run the risk of presenting inconsistent defenses, simply for the sake of joint trials and judicial economy.

12. Leaving aside the propriety of Magistrate Rodovich's ruling on the prior motion, Defendant submits that the new solicitation charge (Count Three) involving a new witness, creates substantial prejudice to Hale's defense and requires a severance.

13. Defendant maintains his position, as explained in his previous motion, that he has a strong need to refrain from testifying regarding the charges that he solicited the confidential informant to kill Judge Lefkow (Counts Two and Four). In sum, and without repeating previous arguments, the government will have to prove that Hale meant something other than what he said to the informant. Cross-examination of Hale in that regard can only assist the government, and

5

that is a very powerful reason or "need" for him to refrain from testifying. *See*, Motion to Sever Counts One and Four, par. 14-16.

14. On the other hand, the charge involving Individual A (Count Three) does not involve tape recordings or other extrinsic evidence of conversations. That count, it appears, will amount to a credibility contest.[2] Hale's testimony regarding his relationship with Individual A, his recollection of the day and events in question, and his belief regarding why Individual A has recently come forward with these allegations are all important testimony.[3] Nor, is much of this evidence available from other sources, as Individual A has indicated that most of his meetings with Hale did not involve others.

15. Lastly, Count Three also creates a serious risk that Defendant will be prejudiced by spill-over evidence; *i.e.*, that joinder of Count Three with Counts Two and Four will create an improper inference of criminal disposition. *See, e.g., United States v. Donaldson*, 978 F.2d 381 (7th Cir. 1992) Trial of this matter is expected to be somewhat lengthy (two weeks or more), and will certainly be complicated. The risk is therefore quite high that despite proper instructions the jury may reach a jury verdict based on the cumulative evidence of the allegations regarding the informant and Individual A . Separate trials would alleviate that risk.

**WHEREFORE**, Defendant respectfully requested that this Court sever Count Three of the Third Superseding Indictment from the remaining counts pursuant to Rule 14 of the Federal

---

[2] To the extent that Hale's credibility is impeached by his views on race, Individual A, a former reverend in Hale's church who has told the grand jury he still maintains his views, will suffer equal impeachment.

[3] As noted in his previous motion to sever Counts One and Four, in the event the Court believes more specific details of Hale's anticipated testimony are necessary, Defendant will supply them *ex parte* and *in camera*.

6

Rules of Criminal Procedure.[4]

Respectfully submitted,

**THOMAS ANTHONY DURKIN**

**PATRICK W. BLEGEN**, Attorneys for
Defendant.

**DURKIN & ROBERTS**
53 West Jackson Boulevard, Suite 615
Chicago, Illinois 60604
(312) 922-8980

---

[4]Counsel also believe that a reconsideration of Magistrate Rodovich's previous ruling regarding the severance of the obstruction of justice counts would be likewise appropriate.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED

DEC 1 9 2003

MICHAEL W. D[...]
CLERK, U.S. DIST[...]

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 CR 11 |
| | ) | Judge James T. Moody |
| MATTHEW HALE, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF FILING**

DOCKETED

DEC 2 2 2003

**TO:**  **By Hand Delivery**
M. David Weisman
Victoria Peters
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604

**PLEASE TAKE NOTICE** that on the 19th day of December, 2003, the undesigned filed

or caused to be filed with the Clerk of the District Court for the Northern District of Illinois, at

Chicago, Illinois, the foregoing:

1. Motion to Dismiss Count Three of the Third Superseding Indictment or for a Change of Venue to the Central District of Illinois;
2. Motion to Sever Count Three of the Third Superseding Indictment Based Upon Prejudicial Joinder; and,
3. Motion for an Extension of Time Within Which to File Pretrial Motions Regarding Special Administrative Measures,

copies of which are hereby served upon you.

Respectfully submitted,

**PATRICK W. BLEGEN**, One of the
Attorneys for Defendant.

**DURKIN & ROBERTS**
53 West Jackson Boulevard, Suite 615
Chicago, Illinois 60604
(312) 922-8980

## CERTIFICATE OF SERVICE

**PATRICK W. BLEGEN**, attorney at law, hereby certifies that on December 19, 2003,

he served, or caused to be served, the foregoing pleadings on the following attorneys of record by

hand delivery:

M. David Weisman
Victoria Peters
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604

**PATRICK W. BLEGEN**