IN THE UNITED STATES DISTRICT COURT F I L E

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION DEC 1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MICHAE |
| | ) | CLERK, U.S. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 CR 11 |
| | ) | Judge James T. Moody |
| MATTHEW HALE, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS COUNT THREE OF THE THIRD SUPERSEDING INDICTMENT OR FOR A CHANGE OF VENUE TO THE CENTRAL DISTRICT OF ILLINOIS

Defendant, **MATTHEW HALE**, by his attorneys, **THOMAS ANTHONY DURKIN** and **PATRICK W. BLEGEN**, pursuant to Rule 18 of the Federal Rules of Criminal Procedure, as well as Article III, Section 2 of the Constitution of the United States and Double Jeopardy and Effective Assistance of Counsel provisions of the Fifth and Sixth Amendments to the Constitution of the United States, respectfully requests that this Court dismiss Count Three of the Third Superseding Indictment for lack of venue; or, in the alternative, to fix the place of the prosecution of Count Three in the United States District Court for the Central District of Illinois.

In support of this motion, Defendant, through counsel, shows to the Court the following:

### FAILURE TO ALLEGE VENUE

1. As the Court is aware, on October 29, 2003, the grand jury returned a Third Superseding Indictment which added a new substantive count (Count Three), alleging that Defendant solicited a person described as "Individual A" to murder United States District Judge Joan Humphrey Lefkow.

2. Unlike each of the remaining counts in the Third Superseding Indictment (Counts

*100*

One, Two, Four and Five), all of the original counts of the three previous indictments, and every other indictment in counsel's memory, Count Three does not allege the location of the crime. As such, Defendant submits that it does not allege venue.

3. For example, each of the other counts in the Third Superseding Indictment alleges that the charged crime occurred "in Chicago, Illinois, Northern District of Illinois, Eastern Division, and elsewhere" (Count Five), or "in the Northern District of Illinois, Eastern Division, and elsewhere" (Count Two).

4. Count Three, on the other hand, charges only that the offense took place "[o]n or about December 4, 2002," but provides no allegation regarding the location of the crime. (Count Three, par. 2)

5. The law regarding a failure to allege venue in an indictment is far from clear. For example, courts have held that Rule 7(c) of the Federal Rules of Criminal Procedure does not require venue to be pleaded in an indictment. Since it is waivable, these courts reason, it is not an essential fact constituting an offense. *See, Carbo v. United States*, 314 F.2d 718, 733 (9th Cir. 1963), *cert. denied*, 377 U.S. 953, 84 S.Ct. 1626, 12 L.Ed.2d 498 (1964). *See, also, United States v. Hatchett*, 31 F.3d 1411, 1424 (7th Cir. 1994) *and United States v. McDonough*, 603 F.2d 19 (7th Cir. 1979). (adopting the *Carbo* ruling that venue is not an essential fact constituting the offense charged.)

6. These cases may well be called into question, however, by the repeated admonishments by other courts that the same venue rules that apply on appeal or in *habeas* proceedings may not be applicable at the trial court level. For example, in *Knewel v. Egan*, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036 (1925), the Supreme Court held that while the failure

to allege venue in an information was not a sufficient defect to grant a *habeas corpus* petition, "an indictment thus drawn might have been found defective upon demurrer or writ of error." Likewise, in *Bratton v. United States*, 73 F.2d 795, 798 (10th Cir. 1934), the Tenth Circuit explained:

> While failure to allege venue directly is not a jurisdictional defect in the sense that it will support a collateral attack (*Knewel v. Egan*, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036; *United States v. Pridgeon*, 153 U.S. 59, 14 S.Ct. 746, 38 L.Ed. 631), yet the federal cases, and some from the state courts, hold an indictment failing to allege venue is demurrable. *Patterson v. United States* (C.C.A. 6) 222 F. 599, 626; *United States v. Christopherson* (D.C., E.D.Mo.) 261 F. 225; *United States v. Jenks* (D.C., E.D.Pa.) 258 F. 763; *United States v. Marx* (D.C., E.D.Va.) 122 F. 964; Hughes on Fed. Prac. Sec. 7035. In addition, a failure to state, with some degree of certainty, where the alleged offense took place renders the indictment open to the objection that it does not fairly apprise the accused of the facts charged, and denies him the right to a plea of former conviction or acquittal if later charged with the same offense. *Skelley v. United States* (C.C.A. 10) 37 F.(2d) 503. When it is recalled that the Sixth Amendment gives the accused a right to a trial in the 'district wherein the crime shall have been committed,' a failure to allege that the crime was committed in the district is inexcusable.

Somewhat more recently, the Sixth Circuit in *United States v. Branan*, 457 F.2d 1062, 1066 (6th Cir. 1972) has stated that:

> While we do not suggest that as a general practice we would countenance the lack of allegations of venue in an indictment, we do not consider that the failure to make such allegations of venue is sufficient to require a reversal and a new trial when the issue is first presented on the second appeal. . . . Thus, if the failure to state venue had been presented to the trial court at the time of the first trial the trial court might well have been justified in dismissing Counts I and III of the Indictment. We do not consider the omission such as to justify attack at this stage of the proceedings.

7.     Perhaps less contradictory are courts' rulings regarding whether a defendant has waived challenges to venue by failing to object before trial. Like other courts, the Seventh Circuit has indicated that "where the fact of improper venue is apparent on the face of the indictment, it has been uniformly held that the objection is waived if not presented before the

3

close of the government's case and perhaps if not presented before commencement of trial."

*United States v. Bohle*, 445 F.2d 54, 59 (7th Cir. 1971), *overruled on other grounds by, United States v. Lawson*, 653 F.2d 299 (7th Cir. 1981). Although easily missed, the failure to allege the location of the crime altogether seems a defect apparent on the face of the indictment; and as such, counsel believe it is more safely raised prior to trial.

8. In light of the above, Defendant submits that Count Three is defective and ought to be dismissed as violative of Hale's due process, double jeopardy and effective assistance of counsel rights.[1]

**IMPROPER VENUE**

9. As part of previous pretrial motions, Defendant requested that the Court dismiss, or transfer, what was then Count One and is now Count Two of the Third Superseding Indictment based on a lack of venue in the Northern District of Illinois.

10. The Court denied Defendant's motion, stating that:

> In sum, the court finds that venue is proper in the Northern District of Illinois because: 1) the e-mail solicitation that is part of the *actus reus* of the offense was received in that district, or, alternatively; 2) proving that the intended effect of the solicitation would have an effect in the Northern District of Illinois is relevant to proving the necessary "circumstances strongly corroborative" of Hale's intent, or, alternatively; 3) the two aforementioned factors in tandem are sufficient to create venue. *See*, Court's Order, August 26, 2003.

11. While maintaining his previous positions with respect to his earlier venue

---

[1] In the alternative, Defendant would request a bill of particulars with regard to the location of the charged crime in Count Three so as to permit Defendant to successfully plead double jeopardy as a bar to later prosecution for the same offense.

challenge,[2] Defendant submits that Count Three of the Superseding Indictment presents different issues; and, even under the Court's reasoning, ought to result in a different ruling.

12.     First and foremost, Count Three is charged as having been committed on a specific date — on or about December 4, 2002.  Unlike Count Two, which charges a solicitation over a period from November 29, 2002, through at least on or about December 17, 2002, Count Three can therefore not be viewed as a continuing offense, or an offense which may have occurred in more than one location.  Individual A's grand jury testimony indicates that the alleged solicitation occurred during a conversation outside of Hale's home in East Peoria — squarely within the Central District of Illinois.

13.     Second, while Count Three mentions the November 29, 2002, e-mail that was sent to the government's informant, Individual A, and dozens of others, that e-mail was not received by Individual A in the Northern District of Illinois.  Rather, and as far as counsel can glean from discovery, that e-mail was received by Individual A at his home in Creve Coeur, a town near Peoria in the Central District of Illinois.  Thus, even under the Court's reasoning that venue is proper "in the district in which the e-mail is read by the recipient," the November 29th e-mail does not provide venue in the Northern District.[3]

14.     Finally, Defendant submits that the Court's previous ruling regarding venue and

---

[2]On this topic Defendant filed three pleadings: (1) Defendant's Motion to Dismiss Count One of the Indictment or for a Change of Venue to the Central District of Illinois; (2) Memorandum of Law in Support of Defendant's Motion to Dismiss Count One of the Indictment or for a Change of Venue to the Central District of Illinois; and, (3) Defendant's Reply to the Government's Response to His Pretrial Motions Regarding Venue. In the interest of brevity, and so as not to repeat arguments and case law, Defendant incorporates those pleadings as though fully set forth herein.

[3]The e-mail in question is set forth, in part, in paragraph 3 of Count Two. In its previous ruling, the Court did not reach the issue regarding whether this e-mail was "merely preparatory" to the offense, relying instead on an e-mail from December 4, 2002. *See*, Court's Order, pp. 6-7. Because this e-mail was not received in the Northern District, the question of "merely preparatory" appears irrelevant for purposes of this motion.

5

"strongly corroborative circumstances;" *i.e.*, "[w]hat Hale fails to realize is that his motive to impact a judicial proceeding in the Northern District of Illinois [the trademark lawsuit] could be seen as circumstances strongly corroborative of his intent," should likewise fail to provide venue in the Northern District in this instance. (Court's Order, pp. 10-11) With all due respect, counsel believe that the Court has adopted an overly expansive view of what should be considered a strongly corroborative circumstance; and, as a result, has expanded venue beyond any reasoned basis.

15.     Notably, not even the government believes that Hale's purported motive to impact the civil trademark suit qualifies as a strongly corroborative circumstance. The government has listed in the indictment the strongly corroborative circumstances that it intends to prove at trial. *See*, Indictment, Page 13, par. 5. And, nowhere does the government suggest that the civil trademark suit will be proffered as a circumstance corroborative of Hale's intent.[4]

16.     More importantly, Congress has listed five examples of circumstances that are strongly corroborative of intent.[5] While Congress' list is non-exclusive, it is designed to provide

---

[4] The government has, of course, made reference to the civil trademark suit in the introductory portions of the indictment.

[5] These circumstances are listed as follows:
(a) the fact that the defendant offered or promised payment or some other benefit to the person solicited if he would commit the offense;
    (b) the fact that the defendant threatened harm or some other detriment to the person solicited if he would not commit the offense;
    (c) the fact that the defendant repeatedly solicited the commission of the offense, held forth at length in soliciting the commission of the offense, or made express protestations of seriousness in soliciting the commission of the offense;
    (d) the fact that the defendant believed or was aware that the person solicited had previously committed similar offenses; and
    (e) the fact that the defendant acquired weapons, tools or information suited for use by the person solicited in commission of the offense, or made other apparent preparations for the commission of the offense by the person solicited.

guidance on the issue of intent. *See, United States v. Gabriel*, 810 F.2d 627, 635 (7th Cir. 1987). Not only is a defendant's motive or reason for soliciting violence absent from Congress's list, but none of the listed factors can be seen as even remotely related to motive. Rather, all of the listed factors relate to evidence, at or near the time of the solicitation, indicating that the defendant was truly serious about his request; *i.e.*, evidence that the defendant was not joking, boasting, venting, etc.

17.    That a defendant has a motive to solicit violence says little about his intent; or, more to the point, whether he was truly serious when he asked another person to commit violence. Presumably, every person who solicits violence has a reason to do so. The relative strength, weakness, or importance of the reason does not corroborate intent. Rather, and as will no doubt be the case here, the government's evidence will focus on the *reaction* to the motive; *e.g.*, on Hale's reaction to the trademark suit and rulings; that is, whether he was angry, enraged, etc. Even assuming such evidence would be relevant to intent, or could serve as a strongly corroborative circumstance, venue in the Northern District is still improper because the reactions occurred, if anywhere, in the Central District.

18.    Holding that the place of motive can serve as a basis for venue is simply an over-expansion of a venue doctrine that has already been stretched thin. Defendant respectfully requests, therefore, that the Court dismiss Count Three, or transfer it to the Central District of Illinois.

7

Respectfully submitted,

**THOMAS ANTHONY DURKIN,**

**PATRICK W. BLEGEN**, Attorneys for
Defendant.

**DURKIN & ROBERTS**
53 West Jackson Boulevard, Suite 615
Chicago, Illinois 60604
(312) 922-8980