# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA,                    )
                                             )        03 CR 011
        v.                                 )
                                             )        Judge James T. Moody
MATTHEW HALE                                 )        (sitting by designation)
                                             )

**DOCKETED**

FEB 1 9 2004

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

# FILED

TO:   Thomas Durkin
      Patrick Blegen
      Durkin & Roberts
      53 W. Jackson Blvd., Suite 615
      Chicago, IL 60604

FEB 1 8 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

    PLEASE TAKE NOTICE that on February 18, 2004, the undersigned filed the following
documents in the above captioned case:

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION TO DISMISS COUNT THREE
### OF THE THIRD SUPERSEDING INDICTMENT OR
### FOR A CHANGE OF VENUE TO THE CENTRAL DISTRICT OF ILLINOIS

M. David Weisman
Assistant United States Attorney

### CERTIFICATE OF SERVICE

    It is hereby certified that service of this attached filing has been made on the above-noted counsel
via hand delivery this 18th day of February, 2004.

BY:      M. DAVID WEISMAN
           Assistant United States Attorney

U.S. DISTRICT COURT

04 FEB 18 AM 4: 34

RECEIVED FOR DOCKETING
ED-6

109

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,   )
                            )   03 CR 011
        v.                  )
                            )   Judge James T. Moody
MATTHEW HALE                )   (sitting by designation)
                            )

**DOCKETED**

**FEB 1 9 2004**

**FILED**

**FEB 1 8 2004**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT THREE OF THE THIRD SUPERSEDING INDICTMENT OR FOR A CHANGE OF VENUE TO THE CENTRAL DISTRICT OF ILLINOIS

The UNITED STATES, through its attorney, PATRICK J. FITZGERALD, responds

as follows to defendant's motion to dismiss count three of the third superseding indictment,

or for change of venue to the Central District of Illinois:

### BACKGROUND

In Count Three of the Third Superseding Indictment ("the indictment"), the defendant

is charged with soliciting Individual A, who served as a reverend within the World Church

of the Creator ("WCOTC"), to engage in the forcible assault upon, and murder of, United

States District Judge Joan Humphrey Lefkow. As alleged in the indictment, on December

4, 2002, the defendant asked Individual A "if he would kill Judge Lefkow, or if he knew

someone who would do the same."

As the defense counsel correctly notes, Count Three of the indictment does not allege

a location for the offense, but rather specifies the date and the language used in the



solicitation.[1] Relying on antiquated cases, the defendant raises the specter that because the indictment fails to allege the location of the offense, the indictment "should be dismissed as violative of Hale's due process, double jeopardy and effective assistance of counsel rights."

### *ARGUMENT*

Proper venue for the prosecution of a criminal offense is in any district "in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). *See also United States v. Cabrales*, 524 U.S. 1, 6-7 (1998). "The *locus delicti* of an offense must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *Id.* Moreover, as the Seventh Circuit has noted, "Proper venue is not limited to districts where the defendants were physically present when they committed unlawful acts. So long as an overt act . . . is intended to have an effect in the district where the case is finally brought, venue is proper." *United States v. Ringer*, 300 F.3d 788, 791 (7th Cir. 2002), *cert. denied* 123 S.Ct. 1785 (April 21, 2003), *quoting United States v. Frederick*, 835 F.2d 1211 (7th Cir. 1987).

As to Count Three of the indictment, venue is proper in the Northern District of

---

[1]     Additionally, as defense counsel suggests in their motion, the defendant is well aware of the specific facts surrounding the solicitation. *See* Defendant's Motion to Dismiss Count Three, p. 5 ("Individual A's grand jury testimony indicates that the alleged solicitation occurred during a conversation outside Hale's home in East Peoria – squarely within the Central District of Illinois.") For these same reasons, defendant's motion for a bill of particular's (*see* Defendant's Motion, n. 1) should be denied, as the tendered discovery satisfies the government's obligations in this arena. *See United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003) ("a bill of particulars is not required when the information a defendant needs to prepare his defense is available through some other satisfactory form such as discovery").

Illinois because the object of the solicitation – Judge Lefkow – resided in the Northern District of Illinois, and equally as significant, presided over the civil lawsuit that served as the defendant's motive for soliciting her murder.

As the defendant outlines in his motion, this Court has already visited the issue of venue in the instant matter. *See* Order, dated August 21, 2003. In that order, this Court found that venue was proper in the Northern District of Illinois for the charge relating to defendant's solicitation of a Cooperating Witness ("CW"), who was providing assistance to the Federal Bureau of Investigation ("FBI") in the investigation of the defendant.

This Court properly concluded that venue was proper in the Northern District of Illinois, and offered a three-fold explanation as to its rational:

> In sum, the court finds that venue is proper in the Northern District of Illinois because: 1) the e-mail solicitation that is part of the *actus reus* of the offense was received in [the Northern District of Illinois], or alternatively; 2) proving that the intended effect of the solicitation would have an effect in the Northern District of Illinois is relevant to proving the necessary "circumstances strongly corroborative" of Hale's intent, or alternatively; 3) the two aforementioned facts in tandem are sufficient to create venue.

August 21, 2003 Order, p. 12.

As defense counsel properly note, this Court's first rationale – *i.e.* e-mails sent to the CW – cannot be a basis for venue as to Count Three of the indictment because Individual A lived in the Central District of Illinois during all times relevant to Count Three of the indictment. Thus, venue is proper in the Northern District of Illinois – as framed by this Court in its August 21, 2003 ruling – because "proving that the intended effect of the

-3-

solicitation would have an effect in the Northern District of Illinois is relevant to proving the

necessary 'circumstances strongly corroborative' of Hale's intent"

As noted in this Court's August 21, 2003 order, this Court's ruling regarding venue

is in keeping with the Seventh Circuit's positions. In *Ringer*, the Seventh Circuit found that

venue was proper in the Southern District of Indiana in part because events occurred in the

Southern District of Indiana that would establish the materiality of the defendant's false

statements. *Ringer*, 300 F.3d at 792. Similarly, as this Court has noted, significant events

occurred in the Northern District of Illinois in the instant case that "could be a keystone to

proving the strongly-corroborative-circumstances "element" of § 373." *See* August 21, 2003

Order, p. 11. [2]

Moreover, as the Seventh Circuit recently reiterated in *United States v. Pearson*, 340

F.3d 459, 466 (7th Cir. 2003), "[p]roper venue is not limited to the districts where the

---

[2]  The defendant argues that "not even the government believes that Hale's purported motive to impact the civil trademark suit qualifies as a strongly corroborative circumstance," noting that the civil suit is not mentioned in the paragraph detailing the strongly corroborative circumstances. *See* Defendant's Motion, p. 6. The defendant's position is belied by the plain language of the indictment and logic. First, the paragraph detailing circumstances strongly corroborative of the defendant's intent, begins as follows, "The above-described solicitation, inducement, and endeavor to persuade occurred under the following circumstances, *among others,* strongly corroborative of defendant MATTHEW HALE's intent that Individual A engage in the forcible assault upon, and murder of, United States District Judge Joan Humphrey Lefkow." (Emphasis added.)  Second, the defendant cannot, with a straight face, argue that Judge Lefkow's role in the civil litigation is not a fundamental circumstance supporting the government's charge that the defendant intended to have harm come to her. Indeed, Judge Lefkow's role in the civil litigation *is the* fundamental circumstance that lead to the criminal charges now facing the defendant. She was not picked at random or by whim. The defendant was intimately familiar with her, her rulings, and her role in the trademark ruling against the WCOTC.

-4-

defendants were physically present when they committed the unlawful acts. So long as an overt act is intended to have an effect in the district where the case is finally brought, venue is proper." In the instant case, the intended effect of the defendant's conduct was to have a federal judge in the Northern District of Illinois attacked. Such an attack, if it would have come to fruition, would "have an effect" in the Northern District of Illinois, and thus venue is proper in this district.

Finally, the government notes that under 18 U.S.C. § 373, the government must prove that the defendant solicited Individual A to engage in a felony that has an element the use of physical force against another person *"in violation of the laws of the United States."* Thus, an element that the government must prove at trial is that defendant's solicitation sought Individual A to engage in conduct that was in violation of the laws of the United States. What makes ths solicitation in the instant case a "violation of the laws of the U.S." is Judge Lefkow's status as a federal judge, and the defendant's apparent desire to retaliate against her for performance of her official duties.

Pursuant to 18 U.S.C. § 1503(a), both Judge Lefkow's status as a judicial officer, and that the defendant's conduct was an endeavor "to influence, intimidate, and impede Judge Lefkow in the discharge of her duty" are pieces of relevant evidence that the government will prove at trial. "Critical evidence" occurred in the Northern District of Illinois establishing these facts. *See Pearson*, 340 F.3d at 466 ("critical evidence" establishing the defendant's intent occurred in the Southern District of Illinois making venue proper). *See also United*

-5-

*States v. Rodriguez-Moreno*, 526 U.S. 275 (1999) (venue for use of firearm in relation to a crime of violence prosecutable "in a court of the United States" is proper in *any* district where the crime of violence occurred even if use of the firearm did not occur in that district). Because Judge Lefkow's actions as a federal judge occurred in the Northern District of Illinois, and her actions, in part, are the impetus for the defendant seeking to retaliate against her, venue is proper in the Northern District of Illinois.

### *CONCLUSION*

For the forgoing reasons, the government respectfully requests that Defendant's Motion to Dismiss Count Three or for a Change of Venue be denied.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

BY: _____

M. DAVID WEISMAN
Assistant United States Attorney

-6-