**FILED**

APR 0 2 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA    )
                               )    No. 03 CR 011

        v.                  )

**DOCKETED**

APR 0 5 2004

                               )    Judge James T. Moody
MATTHEW HALE              )    (sitting by designation)

## NOTICE OF FILING

TO:    Thomas Anthony Durkin
        Patrick Blegen
        Durkin & Roberts
        The Monadnock Building, Suite 615
        53 West Jackson Blvd.
        Chicago, IL 60604
        Fax: (312) 922-2055

**PLEASE TAKE NOTICE** that on Friday, April 2, 2004, the undersigned filed with the Clerk of this Court, **AGREED JURY INSTRUCTIONS**, service of which is being made upon you.

M. DAVID WEISMAN
Assistant United States Attorney
219 S. Dearborn Street - 4th
Chicago, IL 60604
(312) 353-2119

STATE OF ILLINOIS    )
                     )  SS
COUNTY OF COOK    )

    M. David Weisman, an attorney, deposes and says that he is employed in the Office of the United States Attorney for the Northern District of Illinois; and that on the 2nd day of April, 2004, he caused a copy of the above-mentioned Notice along with the Motion to be sent via hand-delivery before 5:00 p.m.

M. DAVID WEISMAN

FILED

APR 0 2 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)                  No.    03 CR 011
v.                                   )
)                  Judge James P. Moody
)
MATTHEW HALE                         )

DOCKETED

APR 0 5 2004

AGREED JURY INSTRUCTIONS

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United

States Attorney for the Northern District of Illinois, and the defendant, MATTHEW HALE,

respectfully submit the attached proposed agreed jury instructions. Both parties reserve the

right to amend, modify, submit additional instructions, or withdraw of any the agreed

instructions, at any time prior to the Rule 30 conference.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

BY: _____
M. David Weisman
Victoria Peters
Assistant U. S. Attorneys
219 S. Dearborn, 5th Floor
Chicago, Illinois 60604
(312) 353-5300



Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

AGREED INSTRUCTION NO. 1

Seventh Circuit Committee (1998) 1.01

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

AGREED INSTRUCTION N0. 2

Seventh Circuit Committee (1998) 1.02

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things: the witness's intelligence; the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias or prejudice the witness may have; the manner of the witness while testifying; and the reasonableness of the witness's testimony in light of all the evidence in the case.

AGREED INSTRUCTION NO. 3

Seventh Circuit Committee (1998) 1.03

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

AGREED INSTRUCTION N0. 4

Seventh Circuit Committee (1998) 1.04

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

AGREED INSTRUCTION NO. 5

Seventh Circuit Committee (1998) 1.05

Certain things are not evidence. I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced by any objection or by my ruling on it.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

AGREED INSTRUCTION NO. 6

Seventh Circuit Committee (1998) 1.06

It is proper for an attorney to interview any witness in preparation for trial.

AGREED INSTRUCTION NO. 7

Seventh Circuit Committee (1998) 1.07

The indictment in this case is the formal method of accusing the defendant of an offense and placing the defendant on trial. It is not evidence against the defendant and does not create any inference of guilt.

The defendant has pleaded not guilty to the charges.

AGREED INSTRUCTION NO. 8

Seventh Circuit Committee (1998) 2.01

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

AGREED INSTRUCTION NO. 9

Seventh Circuit Committee (1998) 1.09

The defendant is presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that defendant is guilty as charged. The government has the burden of proving the guilt of defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

AGREED INSTRUCTION NO. 10

Seventh Circuit Committee (1998) 2.03 (modified)

The defendant has an absolute right not to testify. The fact that the defendant did not testify should not be considered by you in any way in arriving at your verdict.

AGREED INSTRUCTION NO. 11

Seventh Circuit Committee (1998) 3.01

The indictment charges that offenses were committed "on or about" certain dates. The government must prove that each offense happened reasonably close to that date but is not required to prove that the alleged offense happened on that exact date.

AGREED INSTRUCTION NO. 12

Seventh Circuit Committee (1998) 4.04

You have heard evidence of acts of the defendant other than those charged in the indictment. You may consider this evidence only on the question of _____. You should consider this evidence only for this limited purpose.

AGREED INSTRUCTION NO. 13

Seventh Circuit Committee (1998) 3.04

You have heard [reputation and/or opinion] evidence about the defendant's character trait for [truthfulness, peacefulness, etc].

You should consider character evidence together with and in the same way as all the other evidence in the case.

AGREED INSTRUCTION NO. 14

Seventh Circuit Committee (1998) 3.06

You have heard evidence that before the trial [a] witness[es] made [a] statement[s] that may be inconsistent with the witness[es]' testimony here in court. If you find that it is inconsistent, you may consider the earlier statement [only] in deciding the truthfulness and accuracy of that witness' testimony in this trial. [You may not use it as evidence of the truth of the matters contained in that prior statement.] [If that statement was made under oath, you may also consider it as evidence of the truth of the matters contained in that prior statement.]

AGREED INSTRUCTION NO. 15

Seventh Circuit Committee (1998) 3.09

You have heard evidence that _____ _____ has been convicted of a crime. You may consider this evidence only in deciding whether ___ _____ ___'s testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

AGREED INSTRUCTION NO. 16

Seventh Circuit Committee (1998) 3.11

You have heard [reputation/opinion] evidence about the character trait of _____ for truthfulness [or untruthfulness]. You should consider this evidence in deciding the weight that you will give to _____'s testimony.

AGREED INSTRUCTION NO. 17

Seventh Circuit Committee (1998) 3.12

You have heard testimony from Tony Evola who received benefits from the government in connection with this case, namely payment of money.

You may give his/her testimony such weight as you feel it deserves, keeping in mind that it must be considered with caution and great care.

AGREED INSTRUCTION NO. 18

Seventh Circuit Committee (1998) 3.13

You have heard recorded conversations. These recorded conversations are proper evidence and you may consider them, just as any other evidence.

When the recordings were played during the trial, you were furnished transcripts of the recorded conversations prepared by government agents.

The recordings are the evidence, and the transcripts were provided to you only as a guide to help you follow as you listen to the recordings. The transcripts are not evidence of what was actually said or who said it. It is up to you to decide whether the transcripts correctly reflect what was said and who said it. If you noticed any difference between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if after careful listening, you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned. [You may consider the actions of a person, facial expressions and lip movements that you can observe on videotapes to help you to determine what was actually said and who said it.]

[I am providing you with the recordings and a player. You are not required to play the tapes, in part or in whole. You may rely, instead, on your recollections of these recordings as you heard them at trial. If you do decide to listen to [[or watch]] a tape recording and wish to have the transcript corresponding to that

recording, ask the Marshal in writing and the transcript will be given to you. You may

choose to listen to [[or watch]] the cassette without the transcript.

AGREED INSTRUCTION NO. 19

Seventh Circuit Committee (1998) 3.17

The defendant is charged in Count One of the Third Superseding indictment with corruptly endeavoring to obstruct the due administration of justice in violation of Section 1503 of Title 18 of the United States Code by sending a letter containing false declarations to Judge Joan H. Lefkow.

To sustain the charge of obstruction of justice, the government must prove the following propositions:

First, that the defendant endeavored to influence, obstruct, or impede the due administration of justice;

Second, that the defendant acted knowingly; and

Third, that the defendant's acts were done corruptly, that is, with the purpose of wrongfully impeding the due administration of justice.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

AGREED INSTRUCTION NO. 20

AUTHORITY:

Seventh Circuit Committee (1998) 18 U.S.C. § 1503

The defendant is charged in Count Four of the Third Superseding indictment with endeavoring to impede a judicial officer, namely Judge Joan H. Lefkow, in the discharge of her duties in violation of Section 1503 of Title 18 of the United States Code.

To sustain the charge of obstruction of justice, the government must prove the following propositions:

First, that Judge Joan H. Lefkow was an officer in or of any court of the United States;

Second, that the defendant endeavored to influence, intimidate, or impede Judge Joan H. Lefkow by soliciting, inciting, or encouraging Judge Lefkow's murder on account of her being a judicial officer of any court of the United States;

Third, that the defendant acted knowingly; and

Fourth, that the defendant's acts were done corruptly, that is, with the purpose of wrongfully impeding the due administration of justice.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

AGREED INSTRUCTION NO. 21

AUTHORITY:

Seventh Circuit Committee (1998) 18 U.S.C. § 1503 (modified)

As to Count One and Five, the word "endeavor" describes any effort or act to influence, obstruct, or impede the due administration of justice. The endeavor need not be successful, but it must have at least a reasonable tendency to influence, obstruct, or impede the due administration of justice.

AGREED INSTRUCTION NO. 22

AUTHORITY:

Seventh Circuit Committee (1998) 18 U.S.C. § 1503

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court. A form of verdict has been prepared for you. [Form of verdict read.] Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the form, and each of you will sign it.

AGREED INSTRUCTION NO. 23

Seventh Circuit Committee (1998) 7.01

Each count of the indictment charges the defendant with having committed a separate offense.

Each count and the evidence relating to it should be considered separately, and a separate verdict should be returned as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

AGREED INSTRUCTION NO. 24

Seventh Circuit Committee (1998) 7.04

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the marshal.

AGREED INSTRUCTION NO. 25

Seventh Circuit Committee (1998) 7.05

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

All twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

AGREED INSTRUCTION NO. 26

Seventh Circuit Committee (1998) 7.06