IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

AUG 1 6 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA, )
    Plaintiff, )
                ) No. 03 CR 11
V. )
                ) Judge James T. Moody
MATTHEW HALE, ) (sitting by designation)
    Defendant. )

DOCKETED
AUG 1 9 2004

## REQUEST FOR AN EVIDENTIARY HEARING ON DEFENDANT'S MOTIONS FOR A NEW TRIAL ON THE FOUR COUNTS

NOW COMES MATTHEW HALE, pro se, requesting that should his Motions for Judgment of Acquittal not be granted in their entirety, that an evidentiary hearing be held on his Motion for a New Trial on whatever counts remain, stating as follows:

1. I wish to call a number of witnesses who will testify to many points that had they been testified to at trial, likely would have resulted in a different verdict. I wish to hence show Your Honor why a new trial is necessary in the interests of justice under Rule 33. The failure of my trial counsel to call these key witnesses made the verdict unreliable and, in fact, unjust.

2. I will be filing affidavits from these witnesses with my _Reply_ and these affidavits (from eight or nine witnesses) will provide great detail as to the significance of their testimony.

3. I further wish to provide Your Honor at the evidentiary hearing with transcripts from audio recordings and/or play the recordings

1

themselves which, had they been used as impeachment material or refreshed recollection material for Evola at trial as they should have been, would have severely undermined the prosecution's claim that I somehow "approved" of the crimes of Ben Smith, that I was "predisposed" to solicit murder, or that I sought to "induce" Evola to violence by my remarks about Smith. Numerous tapes exist of my denouncing the Smith spree and urging—once again in Evola's presence— non-violent social change. The incredible negligence of my trial counsel in not raising the subject matter of these tapes with Evola, as with their not calling a single witness on my behalf, likely affected the verdict. The jury was deprived of knowing, for example, that I told Evola and Frank Lehner that I wish that Smith had shot me in the leg instead of doing what he did, and if they had known that and other points, their whole perception of my feelings on Smith would have been radically different.

4. I further wish to provide documentary evidence which once again the jury never saw and which if they had, may have changed their verdict.

5. Following the presentation of the above, I wish to argue fully why a new trial should be granted in the interests of justice.

6. If my Motions for Judgment of Acquittal on Counts Two and Four are granted, but not on Counts One and Five, I still request an evidentiary hearing on those latter counts but note that the hearing would be considerably shorter in length. Such a hearing would consist almost entirely of testimony from one or two witnesses.

2

WHEREFORE, I request that should my Motions for Judgment of Acquittal not be granted in their entirety, that an evidentiary hearing be held on my Motion for a New Trial for those counts remaining.

Respectfully submitted,

Matthew F. Hale

Matthew Hale, pro se

Matthew F. Hale #15177424
Metropolitan Correctional Center
71 West Van Buren Street
Chicago, IL 60605

3