UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
                                                    )        No. 03 CR 011
           v.                                       )
                                                    )        Judge James T. Moody
MATTHEW HALE                                        )        (sitting by designation)

### NOTICE OF FILING

TO:    MATTHEW HALE                          THOMAS A. GIBBONS
       Metropolitan Correctional Center      Kreiter & Gibbons
       71 W. Van Buren Street                70 W. Hubbard, Suite 302
       Chicago, IL 60605                     Chicago, IL 60610
                                             Fax: (312) 222-9583

**PLEASE TAKE NOTICE** that on Tuesday, August 31, 2004, the undersigned filed with the Clerk of this Court, **GOVERNMENT'S RESPONSE TO DEFENDANT'S FILING ENTITLED RECENTLY DISCOVERED MATERIAL IN SUPPORT OF PENDING MOTION FOR NEW TRIAL**, service of which is being made upon you.

_M. David Weisman_

M. DAVID WEISMAN
Assistant United States Attorney
219 S. Dearborn Street - 4th
Chicago, IL 60604
(312) 353-2119

STATE OF ILLINOIS    )
                     )    SS
COUNTY OF COOK       )

M. David Weisman, an attorney, deposes and says that he is employed in the Office of the United States Attorney for the Northern District of Illinois; and that on the 31st day of August, 2004, he caused a copy of the above-mentioned Notice along with the Motion to be sent by U.S. Mail before 5:00 p.m.

_M. David Weisman_

M. DAVID WEISMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, ) 03 CR 011
)
v. ) Judge James T. Moody
) (sitting by designation)
MATTHEW HALE, )
)
Defendant. )

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S FILING ENTITLED RECENTLY DISCOVERED MATERIAL
IN SUPPORT OF PENDING MOTION FOR NEW TRIAL**

The UNITED STATES, through its attorney PATRICK J. FITZGERALD, responds

as follows to defendant's filing entitled "Recently Discovered Evidence in Support of

Pending Motion for New Trial (hereinafter "Defendant's Motion"):

***Background***

After the timely filing of various post trial motions through counsel, defendant filed

additional *pro se* post trial motions, beyond the sixty days permitted by this Court. The

government responded to these motions, noting that some of the motions were barred

because they were filed beyond the time period allowed by Fed. R. Crim. P. 33.[1]

---

[1] As detailed in the government response, this Court granted defendant sixty days
to file post-trial motions. Because the sixty day period had expired when defendant filed his
additional *pro se* post-trial motions, this Court lacks jurisdiction to either entertain the merits
of defendant's motions, or to grant the defendant additional time in which to file these
motions.

Since the defendant's filing of those pleadings, the defendant has filed a pleading entitled "Recently Discovered Material in Support of Pending Motion for New Trial." In Defendant's Motion, defendant offers evidence he characterizes as "newly discovered" in the form of potential testimony by attorney Glenn Greenwald, which defendant argues this Court should consider in connection with defendant's motion for new trial under Fed. R. Crim. P. 33.

In fact, as outlined by the defendant, the evidence in question comes from the defendant's trial counsel's own notes. As the defendant explains, his trial counsel, Messrs. Durkin and Blegen, interviewed Glen Greenwald in *January 2004* because the defendant considered Greenwald a potential witness for *April 2004* trial. Defendant's Motion, pp. 2, 3. During their meeting with Greenwald, either Mr. Blegen or Mr. Durkin jotted notes regarding the meeting. One of these notes reflects that, Greenwald "thinks [the defendant] called James Amend the Jewish Rat." *See* Defendant's Motion, Ex. B. Defendant describes this information as, "incredibly important testimony that [Greenwald] had to offer concerning Counts Two and Four" of the indictment.

However, because the evidence proffered by the defendant is not "newly discovered" as that term has been construed for purposes of Fed. R. Crim. P. 33, this Court lacks jurisdiction to consider the merits of defendant's motion.

-2-

*Legal Analysis*

Fed. R. Crim. P. 33 provides that all motions for new trial (other than those premised on newly discovered evidence) must be filed within seven days, "or within such further time as the court sets during the 7-day period." Fed. R. Crim. P. 33(b)(2). After the jury's guilty verdicts were returned, the Court granted the defendant 60 days to file all post trial motions. *See* Minute Order, 4/26/04. Therefore, the period of time for defendant to file post-trial motions expired on June 25, 2004.

Because the time period allowed pursuant to Fed. R. Crim. P. 33 has expired, this Court generally lacks jurisdiction to allow further extensions of time, and further lacks jurisdiction to rule on any motion filed beyond the 60-day period. *See United States v. Wiman*, 77 F.3d 981, 986-97 (7th Cir. 1996); *United States v. Holt*, 170 F.3d 698, 702-03 (7th Cir. 1999).

However, Fed. R. Crim. P. 33 contains a self-executing provision that allows a defendant three years to file a motion for new trial if the motion is premised on newly discovered evidence. Fed. R. Crim. P. 33(b)(1). For evidence to be considered "newly discovered," the following criteria must be met: (1) that the evidence was discovered since the trial; (2) that the evidence could not have been discovered sooner with the exercise of due diligence; (3) that the evidence is not merely cumulative or impeaching; and, (4) that the evidence is so material that it would probably produce a different verdict. *See United States v. Davis*, 604 F.2d 474, 483 (7th Cir. 1979) (describing the law on newly discovered evidence

-3-

as "fairly well-settled," and noting that the motions premised on newly discovered evidence "are not favored by the courts and are viewed with great caution"), *citing United States v. Ellison*, 557 F.2d 128 (7th Cir.), *cert. denied*, 434 U.S. 965 (1977).

The defendant's alleged "newly discovered" evidence fails to meet the first two prongs of this four-part requirement. Specifically, Glen Greenwald's comments that the defendant referred to James Amend as the "Jewish Rat" were known by defense counsel prior to trial. Because this information was known prior to trial, it logically follows that the evidence was discoverable through due diligence on the part of defense counsel. Because defendant has failed to establish the first two requirements, the government does not address the remaining requirements of materiality and the likelihood that such evidence would lead to an acquittal.[2]

Because the purported testimony of Glen Greenwald is not "newly discovered" for purposes of Fed. R. Crim. P. 33, defendant's motion is not timely. Thus, this Court lacks jurisdiction to consider defendant's motion as the sixty day period for filing post-trial motions (other than motions premised on newly discovered evidence) has expired. *See Wiman*, 77 F.3d at 986-97.

---

[2] If the Court finds that the first two requirements were somehow satisfied, the government would ask leave to address the materiality requirement and the likelihood that Greenwald's testimony would lead to an acquittal.

-4-

## *Conclusion*

For the reasons stated above, defendant's motion should be denied.

Respectfully submitted,

PATRICK FITZGERALD
United States Attorney

BY: _M. David Weisman_

M. David Weisman
Assistant United States Attorney

-5-