IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

UNITED STATES OF AMERICA, )
        Plaintiff, )
            )
        V. )
            )
MATTHEW HALE, )
        Defendant. )

No. 03 CR 11

Judge James T. Moody
(sitting by designation)

SEP 1 0 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**DOCKETED**
SEP 1 4 2004

NOTICE OF FILING

By U.S. Mail to:

Judge James T. Moody
United States District Court
Northern District of Indiana
5400 Federal Plaza
Hammond, IN 46320

M. David Weisman
Asst. U.S. Attorney
219 S. Dearborn St. 5th Floor
Chicago, IL 60604

PLEASE TAKE NOTICE that on this 7th day of September, 2004, the undersigned mailed to the Clerk of the District Court for the Northern District of Illinois at Chicago, Illinois, the attached Reply to Government's Responses to Defendant's Supplemental Post Trial Motions for filing, a copy of which is hereby served upon you.

Respectfully submitted,

Matthew F. Hale, pro se #15177424
Metropolitan Correctional Center
71 West Van Buren St.
Chicago, IL 60605

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

UNITED STATES OF AMERICA,  )

Plaintiff,  )

v.  )  No. 03 CR 11

MATTHEW HALE,  )  Judge James T. Moody

Defendant.  )  (sitting by designation)

SEP 1 0 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COU

DOCKETED
SEP 1 4 2004

## REPLY TO GOVERNMENT'S CONSOLIDATED RESPONSES TO DEFENDANT'S SUPPLEMENTAL POST TRIAL MOTIONS

MATTHEW HALE, pro se, hereby replies as follows to the government's consolidated responses to what it calls my "various supplemental post trial motions":

### Preliminary Note

Only motions under Rule 29 and Rule 33 are required to be filed within seven days of the jury verdict "or within such further time as the court may fix during the 7-day period."

1) Motion for Analysis of Government's Original 12/5/02 Recording

It is difficult to understand why the government would rather oppose an analysis of a brief excerpt of its original recording than simply furnish it to the Court — if the recording wasn't altered as it implies but never explicitly states (The government on p. 4



of its Response "represents to this Court that the version of the December 5, 2002 tape that was played to the jury was a first generation duplicate of the original December 5, 2002 recording" but never says that the original was never altered. Nor would the government necessarily know if early on, an agent or agents of the FBI, altered the original). One would think that the government would gladly wish it to be demonstrated that the recording played to the jury was indeed an exact duplicate of an unaltered original in order to diffuse any hint of wrongdoing. Instead, the government would rather foreclose a determination that it implies would be in its favor.

For my part, I don't know if any tampering has taken place and that's the whole point of my seeking an analysis of the original recording. Surely I cannot be blamed for seeking an analysis of the recording upon which my conviction rests when, as is clear, the original version of the transcript, were it to accurately reflect what Evola actually said, precludes any possibility that Judge Lefkow was "the rat" to be "exterminated." Maybe the original transcript was wrong, but maybe it was right

2

and the recording provided to the defense and later played to the jury were copies of an altered original, altered copies of copies, or whatever. While the government can make representations to the Court, (and perhaps intended to represent to the Court ^in its Response that the original December 5, 2002 recording was _not_ altered), this is of little solace to a man who insists that he is innocent and who _could be proven to be such_ if it were found that the original recording _did_ say "and all his rats" rather than "and the other rats." Any hardship on the government in ordering it to produce to the Court the original recording - the recording that Evola carried on his person on the night in question - is simply nonexistent and surely, if any misconduct did occur, the government should not oppose that misconduct being revealed.

Apparently in an effort to rebuke my motion, the government makes a few claims that aren't true. For example, it claims that "according to the defendant, the government then modified the tape, and presented the following tape to the jury...". The reality is that as I stated in my motion and have stated above, I don't know whether the original recording was modified _or not_. What _is_ clear is that if the original recording was altered, it was altered to make Judge Lefkow a "rat" _when she otherwise wouldn't be._ Surely the government would provide 3 the defense

government must admit that if Evola really said "and all his rats" rather than "and the other rats," its claim or presumption that I thought Evola was talking about Judge Lefkow when he said he was going to "exterminate" the "Jew rat" would be severely undermined.

That "and all his rats" sounds markedly different from "and the other rats" is obvious when the words are spoken aloud, and surely the government must concede that the change in the language was fortuitous to say the least, whether misconduct occured or not.

The government starting on page 2 of its Response engages in a lengthy discussion of the transcripts. However, the transcripts are not the point. I am not complaining that the transcript changed, I am instead concerned about the distinct possibility that the original transcript accurately reflected what Evola actually said at that juncture in the conversation. The only way to know if it did is to listen to the original. If the original says "and all his rats," obviously the government provided a false copy to the defense and played a false copy to the jury. If the original says "and the other rats"

4

and an analysis reveals that that segment of the recording has been tampered with, misconduct would likewise be shown. On the other hand, if the original says "and the other rats" and an analysis shows no tampering, my concerns will have proven to be unnecessary. The simple fact though is that there is no way to know unless an analysis is made.

The fact that the transcripts and tapes that were presented to the jury were entered into evidence without objection has no bearing on the possibility that at some juncture the recording was altered before a copy was provided to the defense. Thus while my counsel may have waived any objection to what was admitted at trial, this does not necessarily mean that I have waived finding out whether the original recording was altered or whether false copies were made from it, with the Court ordering what remedy it deems appropriate should that prove to be the case. Further, if I do at some juncture bring an Ineffective Assistance of Counsel claim, that claim would certainly be buttressed were it to turn out that the government's

5

recording was indeed altered with my counsel failing to explore this possibility before my conviction.

Thus either way, an analysis would be proper. Not only would a new trial at a minimum be warranted were the original recording shown to have been altered or if altered copies were presented to the defense and jury, but it is at least arguable that my counsel should have asked for an analysis a long time ago and that their not having done so fell beneath a reasonable standard of care. My interest in all of this is simply my vindication from a crime I did not commit through what legal avenues are open to me. Thus if it proves necessary that I bring an Ineffective Assistance of Counsel claim and as part of that claim I argue that absent their errors, there is a reasonable probability that the outcome of my trial would have been different (per Strickland v. United States, 466 U.S. 668 (1984)), the fact that the government or one of its agents altered the recording (should that prove to be true) upon which its conviction rests would certainly help show that that is

6

indeed the case. Without an analysis of the recording taking place, I cannot very well argue that my counsel failed to move for an analysis of the original recording <u>and</u> that if they had, there is a reasonable probability that the outcome would have been different. I cannot say that I would have been proven to be innocent if the authenticity of the recording had been challenged, <u>without knowing if the recording is inauthentic.</u>

The difference between "and all his rats" and "and the other rats" is hardly a "minor" one as the government claims. <u>After all, if Evola really did say "and all his rats", it is simply impossible that Judge Lefkow could have been one of the "rats" Evola was talking about and hence impossible</u> that I ~~thought~~ he was talking about <u>Judge Lefkow</u> when he said he was going to "exterminate" the "Jew rat." Without a possibility that I thought he was talking about Judge Lefkow, I am factually innocent and my conviction is obviously unjust. As the Court is aware, the lack of evidence that the "Jew rat" was

7

Judge Lefkow is a major part of my motion for judgment of acquittal and were it to be found that the recording _was_ altered, the correctness of my position would be overwhelmingly demonstrated. As for my motion for a new trial, surely it would be in the interest of justice to hold a new trial if what Evola _actually_ said would have exonerated me.

As I have stated several times, I don't know if the recording was altered or not, but for the foregoing reasons, an analysis is warranted to find out. I further believe that there is case law supporting post-conviction analyses of government recordings though at the time of this writing am physically unable to investigate that.

2) Leave to File Amendment to Post Trial Motions

Without looking at the cases cited by the government, the government may well be correct that my motion for leave to file an amendment to my post trial motions is time-barred. I do note, however, that some of my evidence of ineffective assistance of counsel is indeed "newly discovered." The question becomes then whether, if granted leave to file a motion for a new trial based

8

on ineffective assistance of counsel under the "newly discovered evidence" provision of 33 (6)(1), I would be barred from including any evidence of ineffectiveness which isn't newly-discovered. The rule requires that the motion be "grounded" on the newly-discovered evidence but doesn't say that it must be the exclusive basis for the motion.

In any case, since I am entitled to a judgment of acquittal on all four convictions and that in the alternative, a new trial is required in the interest of justice, moving for a new trial based on ineffective assistance of counsel should be a moot issue. However, I do wish to state that if the Court's reading of Rule 33 and the case law is that any motion for a new trial based on ineffective assistance of counsel I am given leave to file must consist exclusively of newly-discovered evidence of ineffectiveness, I would likely forego filing such a motion.

8a

3) Request for Oral Arguments on Post Trial Motions for Judgment of Acquittal

The government acts as if my request for oral argument is unusual and that my "desire to review (the) evidence point-by-point is simply a 'euphemistic' request to reargue the evidence." I don't see anything unusual or "euphemistic" about it. After all, attorneys routinely ask for oral argument on their motions and just because I am pro se doesn't mean that I shouldn't. As far as rearguing the evidence goes, obviously that's what a motion for judgment of acquittal is about: analyzing the evidence and arguing whether or not a rational jury could have found guilt beyond a reasonable doubt. I think it's safe to say that <u>every</u> lawyer who requests oral argument does so because he thinks that it adds a dimension not present in his written briefs. So too do I wish to argue orally that no rational jury could have found me guilty beyond a reasonable doubt even though the briefs I have filed already overwhelmingly demonstrate that.

While the government cites <u>United States v. Griffin</u> again, emphasizing the word "no" when that word is not

9

emphasized in the opinion itself, I submit that that standard is easily met in this case. For example, clearly no rational jury could be "fully satisfied, entirely convinced, satisfied to a moral certainty" and that it is "indubitable" (see Black's Law Dictionary, Sixth Edition, "beyond a reasonable doubt") that I am guilty of violating 18 U.S.C. sec. 373 when:

1) there is <u>no</u> evidence that I solicited Evola to murder but there <u>is</u> evidence from my own mouth that I <u>didn't</u> ("I could never, never order such a thing or instruct or encourage...", "I don't want anything," "haven't given you anything", etc.),

2) there is <u>no</u> evidence that I was serious that Evola actually commit the crime but there <u>is</u> evidence from my own mouth that I <u>wasn't</u> ("This is too serious," "I don't want anything," etc.), and

3) there is <u>no</u> evidence that it was even a federal judge being talked about.

I concede that oral argument is unnecessary to show that Rule 29(c) mandates an acquittal on Counts Two and Four.

10

However, I still request that oral argument be held so that I can address points <u>not</u> in my briefs, <u>briefly</u> argue those that are, and cite cases that I have asked my newly-appointed stand-by counsel to locate and research. I believe that an examination of other cases involving a conviction under 18 U.S.C. section 373, for example, would show vividly that the case at bar is an <u>anomaly</u> and that convictions under this statute have been reversed on clearly more evidence than this one.

4) Defendant's Request for an Evidentiary Hearing on His Motion for New Trial

I am not seeking a new trial on the basis of newly discovered evidence under Rule 33(b)(1) but rather under the "if the interest of justice so requires" provision of Rule 33(a). An evidentiary hearing would help show the Court that indeed, the interest of justice requires a new trial in this case. This is not a scenario where I'm "simply seeking a 'do over'" (as the government claims) because of an adverse result but rather one in which I wish to present evidence that strongly supports my receiving a new trial. While I have tried (with consideration given to my previous lack of access to my case files) to include material in support of my motion, in my pleadings only an evidentiary hearing would enable me to fully present the evidence which, I submit, requires a new trial in the interest of justice. In other words, without an evidentiary hearing, it's possible that the Court would be unable to ascertain whether the interest of justice indeed requires a new trial.

The standard under Rule 33 is a broad one so that courts can judge each motion for a new trial on its own merits. The rule

11

doesn't provide for new trials only if there is new evidence. Rather, it also provides for new trials "if the interest of justice so requires." When there is evidence that would have severely if not totally undermined the government's claims had it been heard, and in fact proved my innocence, "the interest of justice" requires a new trial. Otherwise, it is difficult to conceive of why Rule 33 (a) exists. Unless the Court is satisfied that I have already shown that the interest of justice requires a new trial, an evidentiary hearing whereby further evidence will be presented, including testimony, is warranted.

It is untrue that all of the evidence that I wish to present at an evidentiary hearing was available to me personally before the trial. Some was but much wasn't. Nor is the government really in the position to say at this point that the evidence "was not used for various strategic reasons." In any case, Rule 33 doesn't say anything about consideration of "strategic reasons." It is whether a new trial would be in the interest of justice that is the issue.

12

The government's opposition to the holding of an evidentiary hearing seems simply calculated to prevent the Court from making a full and fair determination as to whether the interest of justice requires a new trial. Thus it should be overruled.

Respectfully submitted,

Matthew Hale, pro se

13