IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

SEP 2 4 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA, )
        Plaintiff, ) No. 03 CR 11
    v. )
         ) Judge James T. Moody
MATTHEW HALE, ) (sitting in designation)
    Defendant. )

**DOCKETED**
SEP 27 2004

NOTICE OF FILING

By U.S. Mail to:

Judge James T. Moody
United States District Court
Northern District of Indiana
5400 Federal Plaza
Hammond, IN 46320

M. David Weisman
Asst. U.S. Attorney
219 S. Dearborn St. 5th Floor
Chicago, IL 60604

PLEASE TAKE NOTICE that on this **21st** day of September, 2004, the undersigned mailed to the Clerk of the District Court for the Northern District of Illinois at Chicago, Illinois, the attached The Legal Impossibility of Inducing a Government Informant, for filing, a copy of which is hereby served upon you.

Respectfully submitted

*Matthew F. Hale*

Matthew F. Hale, pro se #15771424
Metropolitan Correctional Center
71 West Van Buren Street
Chicago, IL 60605

239

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

SEP 24 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
SEP 27 2004

UNITED STATES OF AMERICA, )
    Plaintiff, )
            ) No. 03 CR 11
    V. )
            ) Judge James T. Moody
MATTHEW HALE, )
    Defendant. ) (sitting by designation)

THE LEGAL IMPOSSIBILITY OF "INDUCING" A
GOVERNMENT INFORMANT

NOW COMES MATTHEW HALE, pro se, offering the following for consideration in support of his pending Motion for Judgment of Acquittal on Counts Two and Four, humbly states as follows:

18 U.S.C. section 373, in pertinent part, states as follows:

(a) whoever with the intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force against the person of another in violation of the laws of the United States and under circumstances strongly corroborative of that intent, solicits, commands, _induces_, or otherwise endeavors to persuade such other person to engage in such conduct, commits an offense against the United States. (emphasis added)

239

The simple fact of the matter is that you cannot "induce" a government agent. You can solicit a government agent. You can command a government agent. You can endeavor to persuade a government agent. However, as a matter of law, you cannot "induce" a government agent just as you cannot "persuade" a government agent, and it is in fact for that reason that the drafters of the statute wrote "endeavors to persuade" instead of simply "persuade."

No one can say that Evola was "induced" to commit the crime. Why? Because he's a government informant and did it in fact commit it. Put another way, when a person "induces" another to commit a crime, the crime is actually committed by definition. By means of analogy, if I were charged with inducing someone to jump off a cliff, the person would have had to indeed done so. If he didn't, I simply did not induce him.

If the drafters of 18 U.S.C. sec. 373 had meant

2

to criminalize the conduct of a person who supposedly "endeavors to induce" another to commit a crime of violence, it would have written "endeavors to induce" rather than simply "induce"— the same way it wrote "endeavors to persuade." Obviously a government agent cannot be persuaded to commit a crime of violence. Thus Congress criminalized <u>endeavoring</u> to persuade. It did not criminalize <u>endeavoring</u> to induce by a plain reading of the statute, only "induces" itself, and clearly Evola was not induced since the crime of violence did not take place.

All of this is of course of vital importance because the jury made clear through its question to the Court during deliberations that it convicted me on the premise that I "induced" Evola (see attachment,

3

from Vol. 13, p. 8, April 23, 2004). For the reasons stated, this is simply impossible. Evola didn't commit the crime. Therefore I did not induce him to commit it. The jury was not entitled to redefine the word "induce." When a person induces another to do something, the act is done. There cannot, for example, be a killing without a person killed. Nor can there be an inducement without a person induced.

I note of course that paragraph (c) of the statute states as follows: "It is not a defense to a prosecution under this section that the person solicited could not be convicted of the crime because he lacked the state of mind required for its commission..." However, paragraph (c) only comes into play if a person actually performed each element of the charge listed in paragraph

4

(a): 1) solicits, commands, induces, or otherwise endeavors to persuade, and 2) does so under strongly corroborative circumstances. The jury showed through its question during deliberations that it found that I had "induced" Evola to murder Judge Lefkow. Since I did not induce Evola according to the plain definition of the term, the "defense to the prosecution" provision of (c) is irrelevant. I am not saying, for example, that I did induce Evola but defend on the grounds that he lacked the mental state required for its commission by virtue of his being a government agent. Instead, I'm saying that I didn't induce Evola at all, by definition, as a matter of law, because he didn't commit the crime. Since (a) doesn't apply, (c) doesn't apply.

5

I wish to note at this juncture that the statute does include a comma after the word "induces." Therefore, "induces" is distinct from "otherwise endeavors to persuade" rather than part of an "endeavor to persuade." Neither a solicitation nor a command is an endeavor to persuade; a solicitation is a request, a command is an order, and an endeavor to persuade is just that. "Induce" means "To bring on or about, to affect, cause, to influence to an act or course of conduct, lead by persuasion or reasoning, incite by motives, prevail on." (Black's Law Dictionary, Sixth Edition). None of this is possible with a government informant and none of this is possible when the crime wasn't completed.

Among the many other reasons that I have cited prior to this filing, I am entitled to a judgment of acquittal on Counts Two and Four because no rational jury, for the reasons expressed above, could have found that I "induced" Evola to murder Judge Lefkow since Evola

6

did not in fact murder her and could not in fact be induced to do so. "Inducing" Evola was simply a legal and factual impossibility. The jury was not entitled to find possible, or beyond a reasonable doubt, that which is impossible. Once again, by means of analogy, without a death, there is no murder. Without a person induced, there is no inducement.

In the alternative, a new trial should be held in which the jury is instructed that my inducing Evola is a legal and factual impossibility.

Respectfully submitted,

Matthew F. Hale
Matthew F. Hale, pro se

7

THE COURT: I will make sure Gladys files it.

MR. DURKIN: -- made inquiry and the government represents they had nothing to do with that. And whoever those people were don't know what they are talking about.

THE COURT: Okay. Thank you so much.

MR. DURKIN: That's fine.

MR. WEISMAN: Thank you, your Honor.

Judge, do we get a copy of that order?

THE COURT: I don't know why not. Does that do it? Thank you.

(Brief pause.)

THE COURT: We have another question. It reads as follows: "Dear Judge Moody. We need your clarification of the word, in quotation, or, end of quotation, in the second proposition of Count No. 2. Does the government have to prove beyond a reasonable doubt that the defendant did all four, parenthesis, solicit, command, induce, endeavor to persuade, parenthesis, period. Or, underlined, does the government only need to prove one, underlined, of the four points? For example, if we believe the government proved that Matt Hale induced Tony Evola, does that satisfy the proposition? Respectfully."

MR. WEISMAN: Mark Hoffman.

Judge, I think the law is clear that it's an or.

THE COURT: What does it say? What does my