IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS -- EASTERN DIVISION

**FILED**

OCT 08 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | X : | |
| Plaintiff, | : | Case No. 03 CR 11 |
| | : | |
| v. | : | (Hon. James T. Moody, U.S.D.J.) |
| | : | (sitting by designation) |
| MATTHEW HALE, | : | |
| | : | |
| Defendants. | : | |
| | X | |

**DOCKETED**

OCT 12 2004

## DECLARATION OF GLENN GREENWALD

**GLENN GREENWALD** declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney who represented defendant Matthew Hale in several civil actions from 1999 through 2003. I am admitted to practice in the U.S. Court of Appeals for the Second Circuit, the U.S. Court of Appeals for the Seventh Circuit, and the United States District Courts for the Southern and Eastern Districts of New York. I have been admitted pro hac vice to numerous federal and state courts throughout the country, including cases in this District.

2. During the many conversations which I had with defendant Hale, he expressed to me his belief in non-violent and legal activism for his cause, and frequently made clear that he opposes violent and/or illegal action.

3. In late 2002, defendant Hale was trying to obtain approval for admission to the Bar of Iowa. I provided him some legal assistance and advice in that regard.

4. In early December 2002, I remember defendant Hale calling to ask my

opinion regarding the context and meaning of an order issued by District Judge Joan Humphrey Lefkow in a trademark case involving his Church. He specifically wanted to know what I believed his obligations under the Order were with respect to the books circulated by his organization.

5. I told him at that time that the Order appeared to call for, prior to distribution, either the destruction of the books or the obscuring of the name found by the 7th Circuit Court of Appeals to be infringing. As I understood the Order and as I conveyed to him, the destruction of the books was one option for compliance; obscuring the infringing mark prior to distribution was another option. I did advise him that the books could not be circulated until he complied with Judge Lefkow's order to obscure the mark. Thus, I advised him that the order did not require the destruction of the books.

6. On January 6, 2004, I met in my New York office with Thomas A. Durkin and Patrick W. Blegan, defendant Hale's counsel, and told Mr. Blegan that defendant Hale had previously referred to James M. Amend, the opposing counsel in the trademark case, as the "Jew rat."

7. I would have testified to all of these matters had I been called at trial (I was listed as a witness but not called) and would be happy to testify to them in the future if asked.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT. THIS DECLARATION IS EXECUTED ON THE 30TH DAY OF SEPTEMBER, 2004.

GLENN GREENWALD

The evidence shows that Evola on December 5th said that he was going to "exterminate" a "Jew rat." The evidence shows that I thought that James Amend, a _lawyer_, was Jewish. The evidence further shows that I thought that Judge Lefkow was _not_ Jewish. The evidence also shows that Evola on December 5th referred to a "_lawyer rat_." _Thus the "Jew rat" and the "lawyer rat"_ were one and the same.