# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James T. Moody | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 11 | **DATE** | 10/21/2004 |
| **CASE TITLE** | United States of America vs. Matthew Hale | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM AND ORDER:** Government's motion (Doc 229) to file instanter response is granted. Hales's "Supplement to Defendant's Post-Trial Motion," (Doc 221), except for section 4 therein, is denied. Hales's "Motion for Analysis of Government's Original 12/5/02 Recording," (Doc 219) is denied, however, the government is ordered to place the original tape in the custody of the court. Hale's "Motion for Leave to file Amendment to Defendant's Post-trial Motion to Add a Motion for a New Trial Based Upon Ineffective Assistance of Counsel," (Doc 222) is denied. Hale's "One Sentence Offering as to Why No Rational Jury Could Have Found Me Guilty Beyond a Reasonable Doubt," (Doc 233) is denied. Hale's "Recently Discovered Material in Support of Pending Motion for a New Trial Under Rule 33," (Doc 234) is denied. Hale's "The Legal Impossibility of "Inducing" a Government Informant," (Doc 239) is denied. Hale's September 23, 2004, filing entitled "Transcript Excerpts Supporting Pending Motion for a New Trial" (Doc 238) is allowed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | | OCT 2 8 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | *signature* | 244 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 10/21/2004 | |
| | | | | date mailed notice | |
| SCT | courtroom deputy's initials | | | SCT | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br><br> v. <br><br> MATTHEW HALE, <br> Defendant. | ) <br> ) <br> ) <br> ) No. 03 CR 11 <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

On April 26, 2004, a jury found defendant Matthew Hale guilty on four counts of a five-count indictment. On June 24, 2004, Hale, at the time represented by retained counsel Timothy M. Murphy, filed a timely[1] motion for a judgment of acquittal pursuant to FED. R. CRIM. P. 29(c), or alternatively for a new trial pursuant to FED. R. CRIM. P. 33. The court will address that motion in a separate order. The purpose of this order is to address a number of additional filings by defendant Hale, acting as his own attorney following his discharge of attorney Murphy,[2] made after the expiration of that sixty-day period. For the reasons that follow, the court determines that—with the few

---

[1] On the day the jury returned its verdicts, Hale requested, and was granted, sixty days to file any post-trial motions.

[2] In a notice dated July 6, 2004, Hale informed the court that he was discharging Murphy and requesting that he be allowed to represent himself. Hale is a graduate of an accredited law school. Although he has waged a legal battle to be admitted to practice in Illinois, he has not been admitted to the bar of Illinois or any other state, and has not practiced law. On August 10, 2004, after holding an evidentiary hearing, Magistrate Judge Rodovich granted attorney Murphy's request to withdraw and granted Hale's motion requesting to represent himself. Magistrate Judge Rodovich also ordered the clerk to appoint stand-by counsel for Hale. The clerk did so on August 23, 2004, appointing attorney Thomas A. Gibbons.

exceptions noted — these filings will be treated as motions to amend Hale's June 24, 2004, motion, and denied as untimely.

The court briefly summarizes each of the additional filings. First, on July 19, 2004,[3] Hale filed a "Supplement to Defendant's Post-Trial Motion," (docket # 221).[4] Sections I and III of this document argue that Hale is entitled to a judgment of acquittal on the charges of soliciting the murder of United States District Judge Joan H. Lefkow and obstruction of justice via that solicitation, because the government failed to prove that Hale understood that confidential informant Tony Evola's references to a "rat" that needed extermination were references to Judge Lefkow. In Section II, Hale argues that, if his motion for an acquittal is denied, he should be granted a new trial because his defense counsel failed to present the testimony of several critical witnesses (Hale provides a brief proffer of the testimony of each) and documentary evidence (for example, showing that in other contexts Hale used inflammatory language similar to the language which the government used to prove that Hale was soliciting the murder of Judge Lefkow) that would have placed much of the government's case in doubt.

---

[3] Because Hale is in custody, the actual filing date is when Hale placed the document in the institution's mail system. For convenience, however, throughout this order the court refers to the dates the clerk docketed documents as received.

[4] The court notes that the substance of the arguments contained in this document relating to Hale's arguments in his June 24, 2004, motion, is largely encapsulated in Hale's "Reply to Government's Consolidated Responses to Defendant's Post-Trial Motions," filed August 25, 2004 (docket # 228). As a result, prejudice is unlikely to occur from the court's finding that the Supplement itself may not be considered.

2

Section V[5] argues that the government's use of a passage from "The White Man's Bible" during its closing argument was "horribly prejudicial" and warrants a new trial.

Second, on July 29, 2004, Hale filed a "Motion for Analysis of Government's Original 12/5/02 Recording," (docket # 219). The tape recording referred to is of a conversation between Hale and confidential informant Evola. An initial, draft transcript furnished to Hale before trial had Evola saying "Well I got your e-mail about the Jew judge . . . you wanting his address and all his rats." In the final transcript furnished to the jury for illustrative purposes—a transcript agreed to by the defense—the latter half of the statement is changed to "you wanting his address and the other rats." Hale argues that the difference between the sound of "and all his rats" and the phrase "and all the other rats" is so marked that this change cannot simply be the correction of an error in the draft transcription. Instead, Hale suspects that the original tape recording was altered,[6] and believes the court should order an analysis to determine whether or

---

[5] Section IV merely corrects an error on page 9 of Hale's June 24, 2004, motion. The court **GRANTS** Hale leave to make this correction.

[6] In other words, Hale does not dispute that the tape played for the jury did sound like "the other rats." Hale suspects that an alteration was made because a change of "his rats" to "other rats" impacts the issue of whether Hale understood Evola to be talking about Judge Lefkow, a female. In light of the fact that "the Jew judge . . . you wanting *his* address" [emphasis added] remains in the tape, Hale's suspicion that there was an alteration appears baseless. Moreover, the use of "his address" makes the difference between "his rats" and "other rats" unimportant. Thus, even were the court to find, contrary to the conclusion reached in this memorandum, that Hale's supplemental arguments should be considered, there is no reason to order an analysis of the original tape. The court, however, does **ORDER** the government to place the original tape in the court's custody for preservation, should analysis of the tape become necessary, or undertaken by Hale at his own expense, at some point in the future.

3

not that is the case. The court notes that, because the defense has had the amended transcript since before the trial started, this argument could have been included in Hale's June 24, 2004, motion.

Third, on August 2, 2004, Hale filed a "Motion for Leave to File Amendment to Defendant's Post-trial Motion to Add a Motion for a New Trial Based Upon Ineffective Assistance of Counsel," (docket # 222). As its title states, by this motion Hale seeks to amend his June 24, 2004, motion to add a claim that he should be granted a new trial because he received ineffective assistance of trial counsel.

The court notes that attorney Murphy did not represent Hale at trial, so this argument could have been made in the June 24, 2004, motion, unless based on newly-discovered evidence.[7] However, until his September 10, 2004, reply to the government's response to his motion for leave to amend, Hale made no suggestion that the claim is based on newly-discovered evidence. Even then, Hale states in his reply that while "some" of his evidence of ineffective assistance is newly-discovered (without describing what the new evidence is), were the court to limit his proposed amendment solely to claims involving newly-discovered evidence, then he would "likely forego filing such a motion." Reply to Government's Responses to Defendant's Supplemental Post Trial Motions (docket # 237) at 8, 8a.

---

[7] The court also notes that all ineffective assistance claims can be raised in a motion pursuant to 28 U.S.C. §2255, *Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003), and that Hale has three years from the date of verdict to raise any claims, whether or not involving ineffective assistance, that are based on newly-discovered evidence. FED. R. CRIM. P. 33(b)(1).

4

Fourth, on August 31, 2004, Hale filed a document entitled "One Sentence Offering as to Why No Rational Jury Could Have Found Me Guilty Beyond a Reasonable Doubt," (docket # 233). In this document, Hale argues that the evidence showed that Hale believed that Judge Lefkow was not Jewish, meaning that he could not possibly have understood Evola's references to "the Jew rat" to be references to Judge Lefkow. This argument was available to Hale prior to the filing of the June 24, 2004, motion.

Fifth, on August 31, 2004, Hale file a document called "Recently Discovered Material in Support of Pending Motion for a New Trial Under Rule 33," (docket # 234). This filing pertains to a document Hale recently obtained from his trial attorney, notes of an interview with potential defense witness Glenn Greenwald. Greenwald is an attorney who represented Hale's organization in the past, and the notes indicate that Greenwald thought that Hale had called another attorney "the Jewish rat." Hale believes that Greenwald's testimony should have been used to cast doubt on the government's theory that Hale understood Evola's references to the "Jew rat" to mean Judge Lefkow.[8] While Hale himself may have only recently become aware of this information, it was available to his retained defense counsel prior to trial.

Sixth, on September 23, 2004, Hale filed "Transcript Excerpts Supporting Pending Motion for a New Trial," (docket # 238). The excepts pertain to an argument

---

[8] On October 8, 2004 (docket entries 240, 241), Hale filed an affidavit and a declaration by attorney Greenwald indicating that if called as a witness he would have testified–and would also do so at any new trial—as outlined in this paragraph.

5

made in Hale's June 24, 2004, motion, regarding government argument on the Ben Smith shooting spree. Because this filing does little more than provide record support for a timely-made argument, the court believes it is not an amendment of, or supplement to, the existing motion, and may be considered.

Seventh, and last, on September 24, 2004, Hale filed a document entitled "The Legal Impossibility of 'Inducing' a Government Informant," (docket # 239). In this, Hale argues that a note from the jury during deliberations indicates that the jury convicted him for "inducing" Evola to murder Judge Lefkow, and that it is legally impossible to "induce" a government agent, as that term is used in 18 U.S.C. § 373, the provision Hale was convicted of violating.

On August 27, 2004, the government filed[9] what it designated a "consolidated response" to Hale's supplemental post-trial motions, (docket # 230), responding to the first and second of the filings as numbered above, and to two additional filings the court has not mentioned, a motion for oral argument on the motion for a judgment of acquittal, (docket # 225), and a motion requesting an evidentiary hearing on the motion for a new trial (docket # 226). The court will discuss these latter two motions in its separate order resolving Hale's motion for a judgment of acquittal or for a new trial. On August 31, 2004, the government filed a response (docket # 235) to Hale's fifth filing, "Recently Discovered Material in Support of Pending Motion for a New Trial Under

---

[9] The government's motion to file this motion instanter (docket # 229) is **GRANTED**.

Rule 33." On September 10, 2004, Hale filed replies (docket ## 236, 237) to both government responses.

As the court hopes is clear from the brief summaries given above of Hale's filings made after his June 24, 2004, post-trial motion, with the exception of section IV of his Supplement (see n. 5 at p. 3 above), and the transcript excerpts filed on September 23, 2004, each of the filings is an attempt to add new claims and arguments to the June 24, 2004, motion. Whatever merits, if any, these claims and arguments may have, this is not the time or place to address them. The Court of Appeals has expressly rejected the argument that amended or supplemental motions relate back to the filing of a timely motion for a new trial under FED. R. CRIM. P. 33, as that would "create a back door through which defendants could raise additional grounds for a new trial long after" the seven-day deadline provided in the rule, or any allowable extension thereof, has expired. *United States v. Holt*, 170 F.3d 698, 703 (7th Cir. 1999). This reasoning applies equally to motions under RULE 29, as it contains the same seven-day deadline, FED. R. CRIM. P. 29(c)(1), and the court is strictly limited to the terms of both rules in granting any extensions of time. FED. R. CRIM. P. 45(b)(2).

For this reason, the court treats Hale's filings summarized above, with the two exceptions noted, as motions to supplement or amend his June 24, 2004, motion, and each of those motions is now **DENIED**. Accordingly, Hale's "Supplement to Defendant's Post-Trial Motion," (docket # 221), except for section 4 therein, is **DENIED**; Hale's "Motion for Analysis of Government's Original 12/5/02 Recording," (docket

7

# 219), is **DENIED**, however, the government is **ORDERED** to place the original tape in the custody of the court; Hale's "Motion for Leave to File Amendment to Defendant's Post-trial Motion to Add a Motion for a New Trial Based Upon Ineffective Assistance of Counsel," (docket # 222) is **DENIED**; Hale's "One Sentence Offering as to Why No Rational Jury Could Have Found Me Guilty Beyond a Reasonable Doubt," (docket # 233) is **DENIED**; Hale's "Recently Discovered Material in Support of Pending Motion for a New Trial Under Rule 33," (docket # 234), is **DENIED**; and Hale's "The Legal Impossibility of 'Inducing' a Government Informant," (docket # 239), is **DENIED**. Hale's September 23, 2004, filing entitled "Transcript Excerpts Supporting Pending Motion for a New Trial" (docket # 238) is allowed.

**SO ORDERED.**

ENTER: October 21, 2004

                                                JUDGE JAMES T. MOODY
                                                UNITED STATES DISTRICT COURT