

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 CR 11 |
| ) | |
| MATTHEW HALE, ) | |
| Defendant. ) | |

### O R D E R

This matter is before the court on three motions for reconsideration filed by defendant Hale, who is representing himself. The first motion, which was filed on December 6, 2004[1] (docket entry # 251), is entitled "Motion to Reconsider Denial of Motion for Judgment of Acquittal on Counts Two and Four." The second motion was filed on December 13, 2004 (docket entry #253), and is entitled "Additional Motion to Reconsider Denial of Motion for Judgment of Acquittal on Counts Two and Four." The third was filed on December 15, 2004 (docket entry #252) and is entitled "Motion to Reconsider November 22, 2004 Order." In addition, the court has considered Hale's "Memorandum in Support of Motion to Reconsider November 22, 2004 Order" filed on January 6, 2005 (docket entry # 254); and "Transcript Excerpts in Support of Two Pending Motions to Reconsider Denial of Motion for Judgment of Acquittal on Counts Two and Four" (docket entry # 255). The court did not order the government to respond to the motions, and the government has not done so of its own volition.

---

[1] In this order the court, for convenience, uses the date that the docket shows as the filing date rather than the actual filing date, *i.e.*, the date that Hale mailed the document.

Although each of the motions makes several arguments, all of these arguments spring from one underlying issue, and that is the only issue that needs to be discussed herein.[2] Hale focuses on one portion of one conversation between him and government informant Tony Evola that took place on December 5, 2002:

> Evola: Well, I got your e-mail about the Jew judge . . .
> Hale: Right.
> Evola: . . . you wanting his address and the other rats.[3]
> Hale: That information, yes, for educational purposes and for whatever reason you wish it to be.
> Evola: Are we gonna . . . I'm workin' on it. I, I got a way of getting it. Ah, when we get it, we gonna exterminate the rat?

In the court's order of November 10, 2004, which denied Hale's motion for a judgment of acquittal on counts two and four of the indictment, the court reasoned that a jury could find that Evola's reference to "a way of getting it" meant a way of getting the address of "the Jew judge, and so further find that when Evola asked whether, "when we get it, we gonna exterminate the rat," he and Hale were discussing murder of "the Jew judge."

---

[2] Hale's "Motion to Reconsider November 22, 2004 Order" again asks the court to order testing of a tape recording to see if it has been altered. The basis for Hale's request for reconsideration is that the court has misinterpreted the meaning of the conversation on that tape, the same issue underlying Hale's requests for reconsideration of the denial of his motion for a judgment of acquittal on counts two and four. Thus, although it asks for different relief, the Motion to Reconsider November 22, 2004 Order need not be discussed separately.

[3] This is the conversation heard by the jury. Hale's "Motion to Reconsider November 22, 2004 Order," like the motion that order addressed, asserts that the tape recording may have been altered and that what actually may have been said was "you wanting his address and all his rats.'"

2

Later, Hale moved for an analysis of the recording, arguing that Evola's statement "and the other rats" was actually the statement "and all his rats," which Hale argues would make the "rat" to be exterminated one of a group of three lawyers, not "the Jew judge." After the court denied that motion, Hale moved for reconsideration. In addressing and denying that motion on November 22, 2004, the court stated:

> The "it" that Evola refers to is plainly the address of the "Jew judge," therefore, the "rat" Evola proposes exterminating is that person. While this may not be the only possible interpretation of the conversation, it is the most plausible one.

Although the court recognized that there are other possible interpretations of the conversation, in his present motions Hale focuses on the first of the court's two statements quoted immediately above, i.e., the court's assertion that the "it" referred to was "plainly" the address of the "Jew judge." Hale argues that the court's reading is "linguistically incorrect;" therefore, the entire premise for the court's rulings is wrong.

Hale argues that the only correct, and reasonable, understanding of the conversation is as follows. Evola had just stated that he had received an e-mail asking for "his address and all his rats' [addresses.]"[4] Hale then responds, "that information, yes." Hale argues that the word "information" in that context can only be understood to mean all of the addresses which were asked for in the e-mail, the judge's and three

---

[4] The court here quotes the conversation as Hale argues it should be quoted if the tape recording had not been (allegedly) altered, in order to explain Hale's argument as clearly as is possible.

3

attorneys.' Thus, when Evola next says "I got a way of getting it," Evola is talking about the "information," that is, all of the addresses. Hale's conclusion is that:

> The issue of course is not whether a reasonable jury <u>could</u> think that I thought Evola was referring to Judge Lefkow but rather whether a reasonable jury could have found <u>beyond a reasonable doubt</u> that I thought he was and there is simply no way that a reasonable jury could have found as such. Evola was clearly talking about several people and their addresses, not just Judge Lefkow and her address.

Motion to Reconsider Denial of Motion for Judgment of Acquittal on Counts Two and Four (docket entry # 251) at 3.

The court disagrees. First, Hale ignores the fact that the portion of the conversation in question begins and ends with a singular reference: the e-mail about "*the* Jew judge" and whether "we gonna exterminate *the* rat." (Emphasis added.) More importantly, the jury did not have printed words on a page to coldly dissect,[5] it heard the actual conversation and the tone and inflection of the speakers' voices. In addition, the jury did not have only this conversation to consider: it had this conversation in the context of, and along with, all the evidence it heard in the case. That evidence included, for example, Hale's having previously informed Evola and other members of the church Hale headed that a "state of war" existed between the church and Judge Lefkow, and later, after Evola made it clear that he was discussing murdering Judge Lefkow, Hale disavowing any intention to be a "party to such a thing" while at the same time

---

[5] The jurors were furnished with a transcript for convenience, but were instructed that the audio-taped conversation itself, not the transcript, was the evidence.

4

humorously comparing himself to the fictional character Sergeant Schultz and reminding Evola that "whatever a person does is according to the dictates of their own conscience." Recorded conversation of December 17, 2002.

The court does not disagree that Hale has provided an alternative interpretation of the conversation in question that is plausible. The court remains convinced, however, that a reasonable jury could also find, as the court has suggested, that the more plausible interpretation of the conversation is that the speakers both understood themselves to be specifically discussing Judge Lefkow's address, and that she was "the rat" being referred to. More importantly, and the larger issue which Hale fails to fully appreciate in his motion for reconsideration, is that the court remains convinced that, viewing not just this conversation but instead *all* of the evidence in the case in the light most favorable to the government, a reasonable jury could find Hale guilty, beyond a reasonable doubt, of the charges made in counts two and four of the indictment. Therefore, Hale's motions for reconsideration (docket entries # 251, # 252 and # 253) are **DENIED**.

**SO ORDERED.**

ENTER: March 22, 2005

_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT