# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on
or After November 1, 1987)

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Cause No. 03 CR 011 |
| | ) | |
| MATTHEW HALE, | ) | USM No.: 15177-424 |
| Defendant | ) | Thomas A. Gibbons, |
| | | Stand-by Counsel for Defendant |

**THE DEFENDANT** was found guilty on Counts 1, 2, and 4 of the Third Superseding Indictment after a plea of not guilty.

Accordingly, the defendant is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Nos. |
|---|---|---|---|
| Title 18, § 1503 | Obstruction of Justice | December 12, 2002 and November 29, 2002 | 1 and 4 |
| Title 18, § 373 | Solicitation of a Crime of Violence | December 17, 2002 | 2 |

Defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, mailing address, or material change in the defendant's economic circumstances until the special assessment imposed by this judgment is fully paid.

April 6, 2005
Date of Imposition of Judgment

_/s/ James T. Moody_
James T. Moody, Judge
United States District Court

April 6, 2005
Date Signed

**Defendant: Matthew Hale**  **Judgment - Page 2**
**Cause No.: 03 CR 011**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of Four Hundred Eighty (480) months. This total term consists of terms of One Hundred Twenty (120) months on each of Counts 1 and 4, to be served consecutively to each other, and a term of Two Hundred Forty (240) months on Count 2, to be served consecutively to the terms imposed on Counts 1 and 4 to the extent necessary to produce a total term of Four Hundred Eighty (480) months.

At the defendant's request, the Court recommends to the United States Bureau of Prisons that the defendant be confined at the MCC Chicago, in Chicago, Illinois, for a period not to exceed six (6) months to permit the defendant to assist in preparing his appeal.

At the defendant's request, the Court further recommends that the United States Bureau of Prisons designate F.C.I. Pekin, in Pekin, Illinois, to be the place of service of the remainder of this sentence.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.

_____
United States Marshal

By:_____
Deputy Marshal

**Defendant: Matthew Hale**  **Judgment - Page 3**
**Cause No.: 03 CR 011**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a total term of three (3) years. This total term consists of terms of three (3) years on each count, all such terms to run concurrently. Within 72 hours of release from the custody of the United States Bureau of Prisons, the defendant shall report to the probation office in the district to which the defendant is released.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release, the defendant shall not commit another federal, state or local crime, shall not illegally possess a controlled substance, shall refrain from any unlawful use of a controlled substance, and shall comply with the following standard conditions previously adopted by this Court:

1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the Court or Probation Officer;
2) The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five (5) days of each month;
3) The defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer;
4) The defendant shall support his dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer;
10) The defendant shall permit a Probation Officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the Probation Officer;
11) The defendant shall notify the Probation Officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;

**Defendant:  Matthew Hale**  Judgment - Page 4
**Cause No.:  03 CR 011**

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) As directed by the Probation Officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the Probation Officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) The defendant shall pay any special assessment imposed; and
15) The defendant shall notify the probation officer of any material change in his economic circumstances that might affect his ability to pay any unpaid special assessment.

In addition, the defendant shall comply with the following special conditions:

1) The defendant shall not possess a firearm, destructive device, or any other dangerous weapon; and

2) The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

## FINE

The Court is imposing no fine because of defendant's inability to pay.

## SPECIAL ASSESSMENT

The defendant must pay to the United States a total special assessment of $ 300.00, consisting of a special assessment of $ 100.00 on each count, which shall be paid in full immediately to the Clerk of this Court.