UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:03 CR 11 |
| ) | |
| MATTHEW HALE ) | |

### OPINION and ORDER

Defendant has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 308.) For the reasons that follow, the motion is denied.

I. **BACKGROUND**

In 2002, defendant was the self-styled "Pontifex Maximus," or supreme leader, of a white supremacist organization known as the "World Church of the Creator" (also called "Creativity"). *United States v. Hale,* 448 F.3d 971, 975 (7th Cir. 2006). Defendant was convicted of soliciting the murder of Judge Joan Humphrey Lefkow and of obstructing justice; Judge Lefkow was targeted specifically for her Jewish heritage. *See id.* Defendant was sentenced to 480 months imprisonment. *Id.* He has served just over half of that sentence, and his projected release date is April 2, 2036. (BOP Inmate Locator, https://www.bop.gov/inmateloc/, accessed Feb. 16, 2023.)

II. **ANALYSIS**

A. **Exhaustion**

Section 3582(c)(1)(A)(i) requires a defendant to exhaust all remedies before moving for compassionate release. Specifically, an inmate may file a request after receiving a BP-11 response, a denial from the General Counsel, or the lapse of 30 days

from the receipt of a request for compassionate release by the warden of the inmate's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1). The court assumes, for purposes of this opinion only, that defendant has met the relevant exhaustion requirements.

### B. Compassionate Release Analysis

The court is authorized to reduce or modify a term of imprisonment, probation, or supervised release if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Also, any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The relevant Sentencing Guidelines policy statement, Section 1B1.13[1], provides that the court should determine that "the defendant is not a danger to the safety of any other person or to the community." Finally, the court should consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are relevant. 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13; *United States v. Ugbah,* 4 F.4th 595, 597 (7th Cir. 2021).

#### 1. *Extraordinary and Compelling Reasons*

Compassionate release is only justified if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant's current medical condition does not justify compassionate release in its own right– defendant is only 51 years old, and he has relatively manageable medical issues such as hypertension, a sleep disorder, and sinus arrhythmia. Defendant argues, however, that he is at

---

[1] The court employs U.S.S.G. § 1B1.13 not as binding precedent, but as a guide. *United States v. Rucker,* 27 F.4th 560, 562 (7th Cir. 2022).

heightened risk for complications related to COVID-19 because his religious beliefs prohibit him from receiving a COVID-19 vaccine.

The Seventh Circuit has not directly addressed whether an increased risk of infection as a result of a prisoner's decision to decline vaccinations for religious reasons can establish extraordinary and compelling circumstances justifying compassionate release. Other district courts have generally concluded that such facts will not suffice. *United States v. Crockett,* No. 19-CR-86, 2022 WL 1186571, at *8 (E.D. Wis. Apr. 20, 2022); *United States v. Malone,* No. 12-CR-30330-DWD, 2022 WL 17738703, at *5 (S.D. Ill. Dec. 16, 2022); *United States v. Norville,* No. 10-CR-1046, 2021 WL 1731778, at *2 (S.D.N.Y. May 2, 2021); *United States v. Moore,* No. CR-15-50110, 2021 WL 3666319, at *3, (D. Ariz. Aug. 18, 2021); *United States v. Weldon,* No. 2:18-CR-112, 2021 WL 5041219, at *2 (D. Me. Oct. 29, 2021); *United States v. Anderson,* No. 2:16-CR-00305, 2021 WL 5985134, at *2 (D. Nev. Dec. 16, 2021) ("Anderson is choosing not to take that step, and he is free to make that decision. However, refusing vaccination because of religious belief does not weigh in favor of compassionate release.").

Further, language in recent Seventh Circuit decisions suggests that compassionate release might be considered only in cases of inmates *medically unable* to receive or benefit from the vaccine. *United States v. Cross*, No. 20-3524, 2021 WL 6145626 at *1 (7th Cir. Nov. 15, 2021) ("The government says that Cross has refused the vaccine, and Cross has not asserted that he is medically unable to receive or benefit from it.");

*Ugbah,* 4 F.4th at 597 ("Ugbah has never contended that he is medically unable to receive or benefit from the available vaccines.").

Defendant's circumstances suggest he is at low risk of infection. The institution housing him, USP Marion, currently has 0 inmate cases of COVID-19 out of an inmate population of 1,330. Federal Bureau of Prisons, *Coronavirus,* https://www.bop.gov/coronavirus/ (last accessed Feb. 16, 2023). Defendant also contends that he is kept in solitary confinement, which suggests that his exposure to others is quite low.

In sum, the court finds no legal basis supporting defendant's contention that an inmate's refusal of a vaccine for religious reasons can contribute to the establishment of "extraordinary and compelling" reasons justifying compassionate release. Even if legal support could be found, the court is not convinced that the risk to defendant resulting from a refusal to receive the vaccine, even when combined with his underlying medical conditions, warrants a finding of extraordinary and compelling circumstances, given defendant's relatively manageable health conditions and defendant's low risk of infection at his particular institution. Nonetheless, the court affords defendant the benefit of the doubt and assumes that he meets the "extraordinary and compelling" standard, for purposes of this opinion only.

    2.    *Danger to Society*

Next, the court must determine whether defendant would present minimal danger to any person or to society if released. U.S.S.G. § 1B1.13; 18 U.S.C. § 3142(g). Defendant's counsel argues that defendant is a "changed man" as a result of his

4

conviction, and is therefore no longer a danger to anyone. (DE # 308 at 2.) However, defendant does not seem to have parted ways with Creativity or the extremist ideas it inspires. In 2021, defendant was disciplined for communicating his gang affiliation. (DE # 322-1 at 1.) Defendant also pronounced his affiliation with and leadership of Creativity in a recent First Amendment lawsuit. *Hale v. Collis*, No. CV 21-1469, 2022 WL 3016747, at *1 (D.D.C. July 29, 2022). In 2019, the Tenth Circuit Court of Appeals, in upholding prison mail restrictions on defendant, found there was "overwhelming evidence in the record that Creativity poses an institutional security risk and that Mr. Hale has sought to advance the white-supremacist goals of Creativity in ways that pose a danger both inside and outside" of the prison. *Hale v. Fed. Bureau of Prisons*, 759 F. App'x 741, 750 (10th Cir. 2019). These are not the hallmarks of a "changed man" who can be trusted to re-enter society in a peaceful, law-abiding fashion.

Far from having changed course, defendant appears unabashedly loyal to the ideology that motivated his crimes in this case. He has demonstrated that, when given the opportunity, he is willing to act in line with that ideology at the expense of the safety and liberty of others whom he believes are inferior to him and his race. The court is confident that, if permitted early release, defendant would again immerse himself in the culture of extremism that led him to where he is today, and that he would again have a hand in orchestrating more acts to promote fear and violence. To describe defendant as presenting a "minimal" danger to any person or to society would be a

5

mischaracterization of what this court knows to be true about defendant's history and actions.

    3.    *Section 3553(a) Factors*

Even if the court determined that defendant's circumstances constituted an extraordinary and compelling reason for a sentence reduction *and* that he would present a minimal danger upon released, the court would still be required to consider the relevant factors of Section 3553(a) in exercising its discretion. 18 U.S.C. § 3582(c)(1)(A)(i). Section 3553(a) states:

> (a) Factors to be considered in imposing a sentence.—The court shall consider–
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence[s] and the sentencing range established for--
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission . . . ;]

> (5) any pertinent policy statement guidelines [issued by the Sentencing Commission ...;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In this case, a consideration of relevant Section 3553(a) factors weighs against compassionate release. Defendant's offense involved soliciting the murder of a federal judge because of her ethnic background and heritage. Not only was this crime based in a repugnant classification of humans as worth or unworthy depending on race or ethnicity, this crime was directed at an officer of the court representing the basic principles of democracy that underlie a peaceful society. The very nature of defendant's offense weighs strongly in favor of requiring defendant to serve his sentence in full, and "one reason" is all that is needed to find that compassionate release should be denied in light of Section 3553(a). *Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).

But, in this case, requiring defendant to serve the remainder of his sentence is just in light of several other Section 3553(a) factors as well. First, this outcome will promote respect for the law and serve as an important warning to others considering similar crimes. Requiring defendant to complete his sentence also has deterrent value, both for defendant as well as for others. Denying early release will also further the goal of providing just punishment for defendant's offense. Finally, society will benefit from

defendant serving the remainder of his sentence, as he will have significant obstacles thwarting him from orchestrating further crimes while incarcerated.

    4.    *Summary*

As the court considers all of the factors outlined above, it is guided by the principle that compassionate release is an extraordinary event. *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020); *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019) (compassionate release is "a rare event"). This case is not extraordinary.

Further, after giving defendant every benefit of the doubt, and after weighing all of the relevant considerations, the court concludes that compassionate release is not appropriate. While COVID-19 presents health and safety challenges in the prison setting, and while the court assumes defendant's religious-based vaccine refusal constitutes an "extraordinary and compelling" circumstance, defendant has relatively manageable medical conditions and is subject to a relatively low risk of infection considering he is housed in an institution with no infected inmates where he is kept largely isolated from others. Further, the court does not find that defendant would present a "minimal" risk of danger should he be released early; rather, the court is all but certain defendant would continue to engage in extremism upon release. The nature of defendant's crime, which demonstrates disregard for human life, the justice system, and the importance of law-abiding behavior to the functioning of a thriving society,

8

weighs heavily against compassionate release. A balance of all factors demands that the court deny the motion.

### III. CONCLUSION

For the foregoing reasons, defendant's motion for compassionate release is **DENIED**. (DE # 308.)

                                      **SO ORDERED.**

Date: February 16, 2023

                              s/James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT